### In re CONTEMPT OF MORRIS.

[Cite as *In re Contempt of Morris* (1996), 110 Ohio App.3d 475.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69163.

Decided April 22, 1996.

476

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

*Jay Milano,* for appellant.

*Gold, Rotatori & Schwartz* and *John S. Pyle,* urging reversal for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

*Daniel G. Morris,* for Dale Williams.

SPELLACY, Chief Judge.

Defendant-appellant Daniel G. Morris ("appellant") appeals from the trial court's decision holding him in contempt of court.

Appellant assigns the following error for review:

"The trial court erred in holding the appellant in contempt for objecting twice during the recitation of the victim impact statement."

Finding the assignment of error to have merit, the trial court is reversed.

I

Appellant, an attorney, represented a criminal defendant before the trial court. During the sentencing hearing, the victim's mother gave a victim impact statement. During the statement the following exchange took place:

"MRS. HAIRSTON: * * * Sex offenders use anything they have and can [*sic*] to bribe and groom a victim. I explained very carefully to Mr. Williams on the phone my son's history; and it comes—now that all of this comes to light, his relationship with my son, it is very apparent to me he chose my son specifically for those reasons—

"MR. MORRIS: Objection, your Honor.

"THE COURT: Mr. Morris, have a seat. This is the victim impact. This is no time to object.

"You have been citing all the Rules of Criminal Procedure throughout the trial and everything else. So, certainly, you are aware that you do not object during the time that she is making a victim impact statement. Have a seat.

"MR. MORRIS: Your Honor—

"THE COURT: Sit.

"MR. MORRIS: I object—

"THE COURT: Sit.

"I'm sorry.

"MRS. HAIRSTON: Mr. Williams was able to do all the things that he needed to do to gain the trust of a boy who was in trouble.

"He called this boy's mother. He called me twice at my home. He—When Brian's father came up from Texas to visit in Cleveland, he went to visit Brian at Cuyahoga Hills School for Boys and Mr. Williams arranged to work—he was working that weekend—however, he arranged to meet Brian's father to introduce himself to Brian's stepmother, to introduce himself to Brian's younger sister and to try and paint himself, once again, as a father figure, a good guy, and someone that was going to try to help Brian, and he filled all these things. To me, he is obviously very adept at using all the child rears you hear about on the news. He seems to be a well-established sex offender, and his history—

"MR. MORRIS: Your Honor, I must object. I don't understand any victim impact—

"THE COURT: You are in contempt of court. Your fine, at this point is $250. Have a seat.

"If you rise again, the next fine will be $500; if you rise again, the next fine will be $750; if you rise again, it is going to be $1,000 and six months incarceration."

Appellant later was given an opportunity to address the trial court regarding the contempt. When appellant attempted to explain why he objected to the victim impact statement, the trial court stated that appellant did wish to purge himself of the contempt and told appellant to pay the $250 fine before he left.

## II.

Plaintiff-appellee state of Ohio has filed a motion to dismiss this appeal as moot because appellant paid his fine. The state argues that appellant

completed his obligation to the trial court by paying his fine, thereby rendering his appeal moot.

"Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus.

Appellant was ordered by the trial court to pay his fine before he left the courtroom. Appellant was not given a choice of whether to complete his obligation to the trial court through payment of the fine. Compliance with such a directive is not a voluntary payment of a fine. The doctrine of mootness will be applied only where a defendant has voluntarily paid the fine.

The state's motion to dismiss is denied.

### III

In his assignment of error, appellant contends that the trial court abused its discretion by holding him in contempt. Appellant argues that he objected in the interests of his client when the victim's mother spoke of matters which appellant considered to be outside those permitted in victim impact statements pursuant to statute. Appellant maintains that his conduct was not threatening to the administration of justice.

Contempt of court consists of an act or omission substantially disrupting the judicial process in a particular case. *In re Davis* (1991), 77 Ohio App.3d 257, 262, 602 N.E.2d 270, 273–274. It is disobedience of an order of a court or conduct which brings the administration of justice into disrespect or which tends to embarrass, impede or obstruct a court in the performance of its functions. *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363–1364. The law of contempt is intended to uphold and ensure the effective administration of justice. Of equal importance is the need to secure the dignity of the court and to affirm the supremacy of law. *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 133, 637 N.E.2d 882, 884–885.

A court has both inherent and statutory authority to punish a party for contempt. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870. When reviewing a finding of contempt, an appellate court must apply an abuse of discretion standard. *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 623 N.E.2d 1272.

■ Contempt is classified as either direct or indirect. Direct contempt is committed in the presence of or so near the court as to obstruct the due and orderly administration of justice. It may be punished summarily and without the filing of process. R.C. 2705.01; *In re Lands* (1946), 146 Ohio St. 589, 33 O.O. 80, 67 N.E.2d 433. Appellant's behavior took place in court during the sentencing hearing. Therefore, it was direct contempt.

■ Contempt is further categorized as civil or criminal, depending on the purpose of the sanction imposed. Where the sanction is intended to coerce compliance with the court's orders, it is civil contempt. Where the sanction is intended to punish the contemnor, the contempt is criminal. *In re Contempt of Rossman* (1992), 82 Ohio App.3d 730, 732, 613 N.E.2d 241, 242. A criminal contempt is unavoidable punishment for past affronts to the court. *State v. Christon* (1990), 68 Ohio App.3d 471, 478, 589 N.E.2d 53, 57–58. Appellant was punished for a past act, so his contempt was criminal.

■ Appellant attempted to object to portions of a victim impact statement. R.C. 2947.051(B) permits statements to be made prior to sentencing regarding the impact of the offense on the victim. It refers to economic loss, physical injury, change in the victim's personal welfare or familial relationships, any psychological impact experienced by the victim or the victim's family, or any other information related to the impact of the offense upon the victim as is required by the court. The victim's mother referred to the characteristics of sexual offenders in general during her statement. Appellant attempted to object to these comments but was not allowed to do so by the court.

This court held in *In re Contempt of Rossman* (1992), 82 Ohio App.3d 730, 613 N.E.2d 241, that an attorney's conduct of courteous requests to preserve objections or to have a sidebar conference is not contempt. The attorney's statements were not disrespectful or disruptive but were intended to protect his client's interests by making objections on the record.

The instant case is similar to *Rossman*. Appellant only attempted to make an objection but was not permitted to do so. Objections usually are necessary to preserve any claim of error for purposes of appeal. Objections also allow any possible error to be corrected during the trial court proceedings.

The record does not reflect behavior by appellant which was disruptive of the administration of justice. If the court had permitted the initial objection, only one objection would have taken place. Appellant's behavior did not constitute a substantial disruption of the judicial process. The trial court abused its discretion by finding appellant to be in contempt.

Appellant's assignment of error is well taken.

*Judgment reversed.*

NAHRA, J., concurs.

O'DONNELL, J., dissents.

O'DONNELL, Judge, dissenting.

I respectfully dissent from the conclusion reached in the majority opinion because I believe this appeal is moot. The record before us reflects that at the sentencing hearing conducted on May 18, 1995, defense counsel twice objected to statements made to the court by the mother of a victim who had been sexually molested.

The sordid facts reveal that the forty-two-year-old defendant, employed as a security officer at the juvenile detention center, had performed consensual fellatio on the witness's son, who was a resident in that facility. The trial judge at the sentencing hearing first gave defendant's counsel an opportunity to address the court, then the defendant, and then the defendant's brother. Next, the trial judge afforded the victim's mother an opportunity to address the court in accordance with R.C. 2943.041(A), which stated:

"In *any* case in which a person is charged with a violation of * * * [R.C.] 2907.03 * * * the court *shall* * * * inform the victim or representative family member that he is entitled to make a statement relative to the victimization and, if applicable, the sentencing of the offender, and the court, *subject to any reasonable terms and conditions it imposes,* shall permit the victim or representative family member, if he so desires, personally to make such a statement. * * *" (Emphasis added.)

In an effort to permit uninterrupted completion of the victimization statement, the trial judge initially directed counsel to have a seat and advised him that it was not the time to object. However, defense counsel objected again, a second time. Clearly, these objections preserved counsel's position and protected the record for purposes of appellate review. When counsel again interrupted the victim impact statement presentation and objected, albeit politely, the judge made a citation of summary contempt, imposed a $250 fine, and advised counsel of increasing amounts of fines for successive objections.

The record before us reflects that counsel returned to the courtroom that afternoon to purge the contempt, but instead began to explain why he had objected. The court had initially indicated that it would vacate the contempt order, but when counsel failed to purge, the court stated, "You pay the $250 before you leave."

The record before us is silent as to who, when, or how that fine was paid, but the docket sheet reflects that the clerk of courts received $250 on May 18, 1995 and issued receipt No. 252678 therefor.

In accordance with *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712, I believe that this appeal is moot. The court stated:

" '[W]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The burden of presenting evidence that he has such a 'substantial stake in the judgment of conviction' is upon the defendant. *Id.* at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights." *Berndt*, 29 Ohio St.3d at 4, 29 OBR at 174, 504 N.E.2d at 713.

In this case, as in *Berndt*, the record does not demonstrate any claim of collateral disability or loss of civil rights emanating from the contempt.

Detailed in *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, are collateral disabilities which would affect the issue of mootness: inability to engage in business, ineligibility to serve as labor union official, inability to vote in election, disqualification from jury service, adverse impact upon granting of parole, suspension from work without pay, adverse impact on deportation proceeding, and an appearance that the fine was paid involuntarily as under duress to prevent imprisonment. None of those are evidenced in the matter presented to us. Without this evidence the law, consistently applied to other offenders, states that this appeal should be declared moot.

Further, the Supreme Court recently restricted the test for mootness outlined in *Wilson* and *Berndt*, holding that it applied only to appeals from misdemeanor convictions, due to collateral disabilities which apply to felony convictions: jury service disqualification, holding an office of honor, trust, or profit (R.C. 2961.01); engaging in certain occupations or professions (R.C. 4738.07[D], 4751.10[D] and 4947.03); and the effect on one's reputation and economic and social opportunities in society. See *State v. Golston* (1994), 71 Ohio St.3d 224, 643 N.E.2d 109. The *Golston* court, discussing the social effects of a felony conviction, stated at 227, 643 N.E.2d at 111, "[T]he same stigma does not ordinarily attach to those who have been convicted of misdemeanor offenses."

Moreover, the fact that this appellant is an attorney charges him with knowledge of the law in this regard; to properly preserve his right to appeal, he should have sought a stay of execution of sentence and filed an appeal, as all other litigants are required to do. This was not done in this case. Instead, he chose to first pay the fine and then appeal. Under the case authority cited herein, he thereby assumed the burden of offering evidence to permit an inference of a loss

of civil rights or some collateral disability. An attorney should be held to the same standard as any other litigant who may or may not be knowledgeable that an appeal from a judgment of conviction in a misdemeanor case is moot where a defendant who voluntarily satisfied judgment fails to offer evidence of a collateral legal disability or loss of civil rights.

Based upon this case authority, I would dismiss this appeal as moot.