OPINION
This is an accelerated case submitted on the briefs of the parties. Attorney Patrick J. Donlin ("appellant") appeals the February 17, 2000 Girard Municipal Court order, finding him in direct contempt and ordering him to pay a fine. Judge Michael A. Bernard ("appellee") issued the contempt order. For the following reasons, we affirm, in part, and modify, in part, the decision of the lower court.
On February 17, 2000, appellant represented Wayne W. Cawley on a traffic citation. The trial court dismissed Mr. Cawley's case at no cost. However, appellant was found in direct contempt of court and sentenced to pay a fine of $500. The court reasoned that appellant's behavior impeded and impaired the administration of justice. Appellant was allowed five (5) days to pay the fine. The following day, appellant filed a notice of appeal, asserting one assignment of error. Subsequently, on February 22, 2000, this court granted a temporary stay of execution of appellant's sentence, pending disposition of this instant appeal and conditioned on appellant posting a supersedeas bond.
In appellant's sole assignment of error, appellant argues that the trial court abused its discretion in finding him in contempt. Appellant avers the record clearly indicates that his conduct was not an imminent threat to the administration of justice and that it did not impede the court from administering its duties. Appellant contends the trial court's repeated questioning of his client as to "what happened" would lead his client to self-incriminate himself. Appellant argues he was protecting his client's rights, and, if he had failed to object to such questioning, he would have rendered ineffective assistance of counsel and would not have represented his client zealously. Appellant adds that appellee's accusations that he was unprepared for trial are baseless since he made attempts to recite the facts of the case.
Contempt is an act or omission that substantially disrupts the judicial process in a particular case. In re Contempt of Morris (1996),110 Ohio App.3d 475, 479. It is described as the disobedience of a court order, conduct that brings the administration of justice into disrespect, or conduct that tends to embarrass, impede or obstruct a court in the performance of its functions. Denovchek v. Bd. of TrumbullCty. Commrs. (1988), 36 Ohio St.3d 14, 15. Municipal courts have the authority to punish contempt. R.C. 1901.13(A)(1). When reviewing a finding of contempt, an appellate court applies an abuse of discretion standard. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11; Dozer v. Dozer (1993), 88 Ohio App.3d 296. Abuse of discretion is more than an error of law; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
Contempt is either direct or indirect. Direct contempt is misbehavior, which is committed in the presence of or near the court as to obstruct the administration of justice. In re Lands (1946),146 Ohio St. 589, 595; In re Contempt of Morris, supra, at 480. Punishment for direct contempt may be summarily imposed. R.C. 2705.01. The determination of what conduct constitutes direct contempt is a matter within the sound discretion of a trial court. State v. Kilbane (1980),61 Ohio St.2d 201, paragraph one of the syllabus.
Contempt is further classified as civil or criminal. Such classification depends on the character and purpose of the punishment.Denovchek, supra, at 16; Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. Criminal contempt arises from offenses against the dignity or process of the court, while civil contempt concerns violations, which are on the surface against a party for whose benefit a court order was made. In re Cox (Dec. 23, 1999), Geauga App. Nos. 98-G-2183 and 98-G-2184, unreported, 1999 Ohio App. LEXIS 6266, at 10, citing Kilbane, supra, at 205. Sentences for criminal contempt are punitive in nature and designed to vindicate the authority of the court, whereas civil contempt sanctions coerce an individual to comply with a lawful court order. Id., citing Kilbane.
Upon examination of the record, at the onset of trial, appellee asked for the merits of the case. Appellant replied that Mr. Cawley stopped at the red light, but the police officer was at a distance and could not tell that Mr. Cawley stopped. Appellee then asked which light, and Mr. Cawley explained the light's location. Appellant then requested that the court not inquire as to the merits of the case because Mr. Cawley would incriminate himself. Appellee replied that he asked appellant for the merits, but appellant did not provide that information; rather, appellant stated the officer did not see and was not in a position to see. Subsequently, the following exchange occurred:
 "JUDGE BERNARD: Attorney Gilmartin, I have asked Attorney Donlin to relate the facts to me and his reply was the officer was not at a vantage point to see. The officer is naturally not here * * * Then I asked Attorney Donlin to —
 "MR. DONLIN: I was about to read the case, your Honor. It was 15 seconds; if I could read my notes, I would be happy to.
 "JUDGE BERNARD: So you don't have the facts of this case in your mind as you stand before me?
"MR. DONLIN: I will give them to you right now.
"JUDGE BERNARD: I —
 "MR. DONLIN: I guarantee you're not going to get them from my client, your Honor.
"JUDGE BERNARD: What?
"MR. DONLIN: You heard me, your Honor.
 "JUDGE BERNARD: I hold you in contempt. That's $500. You will pay that money. If not, you will be committed to jail. I'm going to finish this case. Tell me the facts of this case. You are not prepared for this case.
 "MR. DONLIN: I resent that representation. There's no state witness here. I'm prepared to speak to you as any judge." (Emphasis added.)
 Written words cannot convey the tone or demeanor of a party. As a reviewing court, written words are all that we have before us. It is understandable that appellant wanted to protect his client's interest against self-incrimination. A defense counsel is not required to violate his duty to his client to avoid punishment for contempt. In re Sherlock (1987), 37 Ohio App.3d 204, paragraph three of the syllabus. However, appellant's statements to the court, taken collectively, were disrespectful, disruptive, and unjustified. Moreover, based on the above colloquy, appellant interrupted the trial court on two occasions. The record further shows that after the finding of contempt, appellant again interrupted the court on one occasion and made discourteous, distracting, and unwarranted statements to the court. At the close of trial, appellee stated that he was dismissing Mr. Cawley's case upon the prosecutor's recommendation and holding appellant in contempt. Immediately, the following conversation was had:
 "MR. DONLIN: I will enter my objection for the record to that, your Honor.
"JUDGE BERNARD: No, you're not.
"* * *
 "JUDGE BERNARD: * * * I am ordering you to proffer. You can proffer to the court of appeals. All I want —
 "MR. DONLIN: I can speak into the record until the case is over.
 JUDGE BERNARD: Are you going to continue to disobey this court's orders?
 "MR. DONLIN: What, your order to be silent?" (Emphasis added.)
 We cannot say that the trial court abused its discretion in concluding that appellant's behavior impeded and impaired the administration of justice. Appellant's conduct tended to embarrass the court's performance of its functions in the administration of justice. Appellant's conduct was properly classified as direct contempt since it occurred within the presence of the trial court. Upon the finding of contempt, the trial court ordered appellant to pay a fine of $500. As a reviewing court, we may affirm, modify, or reverse a judgment or final order of a lower court that is appealed. App.R. 12(A)(1)(a). Although appellant's conduct was contemptuous, appellant had legitimate concerns in preventing his client from self-incriminating himself. As such, we determine that the imposed fine was excessive in the instant case. We modify the ordered fine from $500 to $1. For the foregoing reasons, appellant's sole assignment of error is overruled, in part, and well taken, in part. The trial court's finding of contempt is affirmed.
However, the ordered fine of $500 is modified to $1. Accordingly, the judgment of the Girard Municipal Court is affirmed in part and modified in part.
JUDGE DIANE V. GRENDELL
O'NEILL, P.J., CHRISTLEY, J., concur.