JOURNAL ENTRY AND OPINION
Thomas F. Coakley, Jr. appeals from a domestic relations court judgment finding him in contempt of court for failure to pay spousal support and property division obligations to Jerri Coakley n.k.a. Carrothers, and further ordering him to pay attorney fees in the amount of $5,000.
On appeal, Coakley asserts that the court erred in finding him in contempt because he alleges that no action had been pled in contempt and because that decision is contrary to the manifest weight of the evidence; he also argues that an award of attorney fees is not proper because no request for attorney fees had been made in a motion. After a careful review of the record and applicable law, we affirm the judgment of the court.
The record reveals that Coakley and Carrothers were divorced in 1994 pursuant to a Separation Agreement and Agreed Judgment of Divorce, the terms of which obligated Coakley to pay Carrothers spousal support in the sum of $2,609.30 per month commencing December 1, 1994 for sixty months, and $3,500 per month for forty-eight months following the transfer of title to their former marital residence. The agreement also obligated Coakley to pay property division obligation, consisting of $30,000 at the time of divorce and another $30,000 on April 1, 1995, or upon the sale of the marital residence; $1,305.51 per month for sixty months commencing December 1, 1994; $3,914.81 per month for eighty-four months commencing December 1, 1999; and $602,094.63 on December 1, 2006.
In 1998, he married Deborah D. Coakley, and claimed in that year he began to encounter financial difficulties in his business, the Pacific Great Lakes Corp. The record shows that the parties stipulated that he fully complied with his court-ordered financial obligations to Carrothers through 1998; and further stipulated his arrearage of $28,840.51 on property division and $29,561.40 on support as of the time of trial. The record, in addition, contains his W-2 forms showing that he earned $297,000 in 1998, $172,722 in 1999, as well as his testimony that during this period of time, he agreed to pay his new wife $5,000 per month for her to pay their mortgage, utility, and other household expenses.
On November 15, 1999, the parties filed a document captioned Defendant Jerri L. Coakley's Motion for Contempt: Stipulated Restraining Order and Agreed Entry, signed by all the parties involved, including Coakley, which provided the following:
 The purpose of this Order is to enable Defendant Jerri L. Coakley to investigate Plaintiff's claims and during such time Plaintiff, Defendant Jerri L. Coakley, and third party Defendants Deborah D. Coakley and Pacific Great Lakes and its subsidiaries agree to the temporary restraining orders: [Coakley] shall not receive * * * any distributions from Pacific Great Lakes Corp.
* * *
 The parties have agreed that Defendant Jerri Coakley's Motion for Contempt will be held in abeyance pending her investigation of Plaintiff's financial situation. Defendant Jerri L. Coakley will notify the Court scheduler to obtain a hearing date if she elects to proceed with her contempt action.
* * *
Attached to this motion was an affidavit by Jerri Coakley regarding the parties' Separation and Property Settlement Agreement and the amount of Thomas Coakley's arrearage for spousal support and property division payment pursuant to that court order.
The record reflects that, in an entry on the court's docket dated March 3, 2000, the clerk noted that Carrothers' motion to show cause was set for April 11, 2000. On April 11, 2000, a magistrate conducted a hearing on Carrothers' motion for contempt. After Coakley testified as to his financial situation, James Loeb, Esq., Carrothers' counsel, called himself to testify as to the issue of attorney fees, at that point the magistrate continued the hearing until April 14, 2000, apparently to allow Coakley's counsel to review statements in connection with the attorney fees. On that same day, Carrothers filed a witness list regarding the issue of attorney fees.
On April 14, 2000, the continuation of hearing took place, where Loeb presented his bills and testified to the amount of work he had done in preparation for this case.
On April 21, 2000, Coakley filed a motion to strike Carrothers' witness list regarding the attorney fees issue, contending that she failed to request attorney fees in the motion as required by Loc.R. 21(A) of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas, and also failed to file a witness list as required by Loc.R. 12(B). The court subsequently denied this motion, on June 7, 2000.
On June 27, 2000, the magistrate issued findings of fact and conclusions of law in connection with the April 11, 2000 hearing on Carrothers' motion for contempt, and found Coakley in contempt for failing to pay $28,840.51 on his property division payments and $29,561.40 on his spousal support obligation. The magistrate also awarded Carrothers $5,000 in attorney fees. On October 2, 2000, Coakley filed his objections to the magistrate's decision.
On November 1, 2000, the court overruled Coakley's objections and adopted the magistrate's decision finding him in contempt and awarding Carrothers attorney fees.
Coakley now appeals, raising three assignments of error for our consideration, the first of which states:
 MS. CARROTHERS FAILED TO PROPERLY PLEAD AN ACTION IN CONTEMPT, THEREBY PRECLUDING, AS A MATTER OF LAW ANY FINDING OF CONTEMPT.
Coakley argues that Carrothers never properly filed a contempt action stating with specificity the basis for her contempt charge. Carrothers asserts that she filed a contempt motion on November 15, 1999. The first issue for our review then concerns whether Carrothers properly pleaded an action in contempt.
Loc.R. 20 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, provides, in part:
RULE 20. Motion to Show Cause.
 (A) Content of Motion. Any motion to show cause shall state with specificity each provision of a prior court order with which a party has failed to comply, the date of such order, and the facts constituting the noncompliance. The motion shall be supported by affidavit.
Here, the record reflects that the filing on November 15, 1999 was captioned Defendant Jerri L. Coakley's Motion for Contempt: Stipulated Restraining Order and Agreed Entry and contained the following language:
 Plaintiff [Thomas Coakley] has certain financial obligations to Defendant Jerri L. Coakley which are in arrears, including the payment of spousal support and property division, pursuant to the terms of the separation and Property Settlement Agreement entered into by the parties and incorporated into the Judgment Entry Decree of Divorce filed on December 16, 1994 and journalized at vol. 2515 pages 0982 through 1007.
 Plaintiff [Thomas Coakley] claims that he is currently unable to comply with this Court's orders due to a decline in the business of Pacific Great Lakes Corp. and its subsidiaries. * * *
* * *
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issues of Plaintiff's contempt re spousal arrearage and any delinquency in his property division obligations shall be set for hearing after Defendant Jerri L. Coakley's investigation is completed and upon Defendant Jerri L Coakley's request for a hearing to the Court's scheduler. (Emphasis added.)
In addition, the record reflects that attached to this motion and stipulated restraining order was a Waiver of Service, which stated that Thomas Coakley and other defendants hereby waive service of process, summons and motion, or notice thereof.
Thus, the record reflects that the motion filed on November 15, 1999 satisfies the requirements of D.Loc.R. 20: it stated, with specificity, the provisions of the prior court order, the date of the order, and the facts constituting the non-compliance, including the decline of Coakley's business; and it was supported by an affidavit. Moreover, pursuant to the provision of the stipulated agreement, Carrothers proceeded with her contempt action by notifying the court scheduler and obtaining a hearing date.
Given this state of the record, Coakley's claim that Carrothers failed to file a motion for contempt, or that she failed to state with specificity the basis of the contempt charge as required by D.Loc.R. 20(A), is not well taken, and we overrule this assignment of error.
Coakley's second assignment of error states:
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING MS. CARROTHERS ATTORNEY FEES BECAUSE SHE FAILED TO REQUEST ATTORNEY FEES IN THE BODY OF THE MOTION AS REQUIRED BY LOCAL RULE 21(A)(1); SHE FURTHER FAILED TO PRESENT EVIDENCE OF THE PARTIES' RESPECTIVE INCOME AND EXPENSES AS REQUIRED BY LOCAL RULE 21(B); AND SHE FURTHER FAILED TO FILE A WITNESS LIST AS REQUIRED BY LOCAL RULE 12(B).
Coakley contends that the trial court erroneously awarded attorney fees in this case because Carrothers failed to comply with D.Loc.R. 21, which requires a request for attorney fees to be made in a body of the motion or in an oral motion with good cause shown, and because she failed to present evidence of the parties' respective income and expenses. Coakley also complains that she failed to file a witness list fourteen days prior to the trial date as required by D.Loc.R. 12(B).
Award of attorney fees is within the sound discretion of a trial court and it will not be disturbed absent abuse of the trial court's discretion. Schultz v. Schultz (1996), 110 Ohio App.3d 715.
R.C. 3105.18(G) sets forth the right to attorney fees in a contempt action arising from failure to pay spousal support. It provides, in relevant part:
 If any person * * * required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make * * * spousal support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court that arose in relation to the act of contempt.
We also recognize that Loc.R. 21 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, states the following:
Rule 21. Attorney Fees.
(A) How made.
 (1) A request for attorney fees and expenses to prosecute an action shall be included in the body of the motion or other pleading that gives rise to the request for fees.
* * *
 (3) No oral motion for fees shall be entertained unless good cause is shown why the provision of this rule could not be complied with and jurisdiction is reserved in any order resulting from the hearing.
 (B) Evidence in Support of Motion. At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking such fees shall present:
* * *
 (4) Evidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing.
The statute, by utilizing the word shall, mandates an award of reasonable attorney fees when a party is found in contempt for failure to pay spousal support. Therefore, Carrothers' failure to make a formal request for attorney fees or to timely file a witness list cannot affect her rights pursuant to the statute. See, also, Villa v. Villa (May 14, 1998), Cuyahoga App. No. 72709, unreported. As to the reasonableness of the awarded amount, the record reflects that the magistrate heard extensive testimony from Carrothers' counsel regarding the fees incurred in the instant contempt action, and, the findings of fact and conclusions of law adopted by the court specifically stated that the court, in awarding $5,000 attorney fees, had considered all the factors set forth in D.Loc.R. 21 and also the standard established in Swanson v. Swanson (1976), 48 Ohio App.2d 85. Thus the court did not abuse its discretion in its award of $5,000, an amount less than half of the fees incurred by Carrothers here. Accordingly, we reject this assignment of error.
Coakley's third assignment of error states:
 III. THE TRIAL COURT'S FINDING THAT MR. COAKLEY HAD THE ABILITY TO PAY HIS OBLIGATION TO MS. CARROTHERS IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Coakley contends that the trial court found that Coakley had the ability to pay spousal support to his ex-wife contrary to the manifest weight of the evidence. Carrothers urges that the evidence supports the trial court's finding. The issue thus concerns whether the trial court's finding regarding Coakley's inability to pay is supported by the manifest weight of the evidence.
In a proceeding in contempt against a party who has refused to comply with a money decree for alimony * * * the burden is on [the contemnor], by allegation and proof, to establish his inability. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140 (citations omitted.) Furthermore, a trial court's finding of contempt is reviewed under an abuse of discretion standard. In re Contempt of Morris (1996), 110 Ohio App.3d 475.
Here, Coakley does not contest the amount of spousal support and property division obligation he owes to Carrothers; he stipulated to it. To support his defense of his inability to pay, Coakley testified at the hearing that he experienced difficulties with his business in 1998, which worsened in 1999, causing him to incur personal debts. This testimony purporting to show his inability to pay, however, is rebutted by the evidence indicating that he had W-2 income of $297,000 in 1998 and $172,000 in 1999. If Coakley had difficulties in meeting his legal obligations to his ex-wife due to a change of circumstances, proper recourse would have been for him to request relief from the court rather than unilaterally terminating his court-ordered obligations to her; Coakley never sought such relief. Accordingly, we conclude that the trial court did not abuse its discretion when it found Coakley in contempt and we reject this assignment of error.
On the basis of the foregoing, we affirm the trial court's judgment finding Coakley in contempt and awarding Carrothers $5,000 in attorney fees.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANN DYKE, J., CONCUR