OPINION
{¶ 1} Appellant, Tina Mills, appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, holding her in contempt of court.
 {¶ 2} In June 2005, the Clermont County Department of Job and Family Services (the "agency") filed two complaints in the juvenile court with regard to four siblings. The complaints alleged that C.S. and AT. were abused children and that the other two siblings were dependent children. The juvenile court granted temporary custody of C.S. and AT. to the agency.[1] As a result of the complaints, the children's mother and her husband were charged with criminal offenses (child endangerment and sexual battery respectively). Appellant was the attorney for the children's mother throughout the proceedings before the juvenile court.
 {¶ 3} Unhappy with the pace of the proceedings below and the agency's conduct with her client, appellant filed numerous motions, including a motion for a female guardian ad litem ("GAL"), a motion to remove the GAL, and a motion to show cause why the agency should not be held in contempt. On October 11, 2005, appellant filed a notice of deposition as well as a praecipe for subpoenas for C.S. and AT. Their deposition was scheduled for November 2. On October 26, the state moved to strike the notice of deposition and the subpoenas and asked the juvenile court to grant a protective order. The next day, appellant filed another praecipe for subpoena, this time for a relative who had physical custody of C.S. and AT. On November 1, appellant filed a response to the state's motion to strike and request for a protective order. On November 2, the day scheduled for the depositions, the juvenile court granted a protective order and ordered that the notice of deposition and praecipe for subpoenas be stricken.
 {¶ 4} However, on the morning of November 2, appellant conducted the deposition of C.S. Present for the deposition were appellant, C.S., and a court reporter. Appellant testified that when the prosecutor did not appear for the deposition, she called his office but was informed by "I assume a secretary or receptionist, a female in his office," that he would not attend. Appellant also testified that C.S.'s deposition was conducted before she received the faxed copy of the juvenile court's order. Once she read it, appellant decided not to depose AT. Appellant did, however, subsequently file a copy of C.S.'s deposition with the juvenile court. The state filed a motion asking the juvenile court to find appellant in contempt of court. A hearing on the motion and other pending motions was held in December 2005 and January 2006.
 {¶ 5} By order filed January 5, 2006, the juvenile court found appellant in contempt of court as follows:[2]
 {¶ 6} "This Court will give [appellant] the benefit of the doubt, and accept her statement that said deposition was conducted prior to her receipt of the FAX copy of the Court's Order, and, upon receipt thereof, did not conduct the deposition of the second child. [Appellant], however, did file a copy of the deposition with this Court after notice of the Protection Order.
 {¶ 7} "[Juv.R.] 25 and 27 require authorization by this Court before there can be a deposition of a child in such a pending case as the instant cause. [Appellant] took no steps whatsoever in compliance with said Rules. Furthermore, [appellant] was well aware that there was pending in this Court a decision as to whether there would be a Protection Order prohibiting said deposition, and [appellant] went forward without waiting for said decision. * * *
 {¶ 8} "[C]onduct of [appellant] throughout these proceedings has been highly inappropriate. * * * As to the deposition, [appellant] violated the Ohio Rules of Juvenile Procedure by failing to secure the authorization of this Court for a deposition of a child. Additionally, and perhaps even more disturbing, is her proceeding with the deposition knowing full well there was a Motion pending in this Court as to whether or not the deposition would be prohibited.
 {¶ 9} "It cannot be ignored that, throughout her Written Motions and in her oral arguments, [appellant] made repeated and meritless personal attacks on opposing counsel, representatives of [the agency], and the Court itself, exhibiting a complete and utter disregard and disrespect for the sanctity of the judicial process."
 {¶ 10} The juvenile court then ordered appellant to pay $316.68 as reimbursement for the state's expense of a copy of the transcript of the deposition. Appellant appeals, raising the following assignment of error:
 {¶ 11} "THE JUVENILE TRIAL COURT ERRED WHEN IT HELD THE ATTORNEY FOR MOTHER IN CONTEMPT AND ORDERED HER TO PAY FOR THE COUNTY'S COST OF A TRANSCRIPT WHEN THE JUVENILE COURT DID NOT HOLD A TIMELY HEARING AFTER REMOVING CHILDREN FROM THE MOTHER'S CARE, WHEN THE TRIAL COURT REFUSED TO SET ANY OF THE MOTHER'S MOTIONS FOR HEARINGS, WHEN THE JUVENILE CLERK HAD FILED A NOTICE OF DEPOSITION, WHEN THE JUVENILE CLERK ISSUED SUBPOEANAS FOR THE DEPONENT, WHEN THE DEPOSITIONS WERE STOPPED AFTER COUNSEL FOR MOTHER READ THE FAXED ORDER FROM THE JUDGE TO STOP THE DEPOSITION, AND WHEN THE JUVENUILE COURT ONLY ALLOWED THE PARTIES TO HAVE A COURT DATE AFTER THE CHILDREN'S SERVICES FILED A MOTION FOR CONTEMPT BECAUSE THE MOTHER'S ATTORNEY TOOK THE DEPOSITION OF A SEVENTEEN YEAR OLD MINOR WHO HAD BEEN TRYING UNSUCCESSFULLY FOR MONTHS TO RECANT HER STORY OF ALLEGED ATTEMPTED ABUSE BY HER FATHER." [sic]
 {¶ 12} Notwithstanding the verbosity of appellant's assignment of error, the issue before us is very simple: did the juvenile court abuse its discretion by finding appellant in contempt of court for her conduct regarding the depositions? Appellant argues that although her conduct during the proceedings below was "aggressive and nontraditional," there was no willful disobedience of a court order, thus, the juvenile court erred by finding her in contempt of court. Appellant also asserts the defense of inability to comply by arguing that it was impossible for her to comply with the court order regarding C.S.'s deposition because she had not seen it. We note that contrary to appellant's assertion, the juvenile court did not find appellant in contempt under R.C. 2705.02(A), disobedience of a court order, but under R.C. 2705.02(B).
 {¶ 13} "Contempt of court consists of an act or omission substantially disrupting the judicial process in a particular case. It is disobedience of an order of the court or conduct which brings the administration of justice into disrespect or which tends to embarrass, impede or obstruct a court in the performance of its functions. The law of contempt is intended to uphold and ensure the effective administration of justice. Of equal importance is the need to secure the dignity of the court and to affirm the supremacy of law." In re Contempt of Morris (1996), 110 Ohio App.3d 475, 479 (citations omitted).
 {¶ 14} Contempt is classified either as direct or indirect. Indirect contempt includes "[m]isbehavior of an officer of the court in the performance of official duties, or in official transactions." R.C.2705.02(B).
 {¶ 15} An appellate court will not reverse a finding of contempt absent an abuse of discretion. State ex rel. Celebrezze v. Gibbs (1991),60 Ohio St.3d 69, 75. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 16} Upon reviewing the record, we cannot say that the juvenile court abused its discretion by finding appellant in contempt of court. Appellant asserts that there was no willful violation of a court order and that it was impossible for her to comply with a court order she had not seen. However, the record is clear that appellant conducted the deposition knowing full well that a state's motion to strike the notice of deposition and a request for a protection order were pending. Appellant's solution did not lie in ignoring the pending motion and request, but that is exactly what she did. Appellant did not contact the court beforehand to inquire if the state's motion and request were still pending, or if the court had ruled on the motion and request. Rather, appellant chose not to wait for the juvenile court's decision before conducting C.S.'s deposition. In effect, appellant substituted her judgment for that of the juvenile court. Then, clearly knowing that the juvenile court had issued a protection order and stricken the notices of deposition, she nonetheless filed C.S.'s deposition with the court.
 {¶ 17} We acknowledge appellant's obvious frustration with the proceedings below, including the fact that the juvenile court had not yet conducted an adjudicatory hearing. Nonetheless, frustration with judicial rulings, or lack of, never excuses an attorney, while acting on his own behalf or on behalf of a client, from abiding by a court order or from behaving properly in the performance of his duties as an attorney and an officer of the court. See Stark Cty. Bar Assn. v.Ake, 111 Ohio St.3d 266, 2006-Ohio-5704.
 {¶ 18} We find that appellant's behavior with regard to the depositions was conduct which brought the administration of justice into disrespect and was disruptive of the administration of justice. The juvenile court, therefore, did not err by finding appellant in contempt of court. The assignment of error is overruled.
 {¶ 19} Judgment affirmed.
WALSH, P.J. and BRESSLER, J., concur.
[1] For purposes of this appeal, we will only refer, when necessary, to C.S. and A.T.
[2] The juvenile court also found that appellant violated DR 8-102 of the Ohio Code of Professional Responsibility when she made the following "inflammatory remark" about the juvenile court: "The Court has been playing mental games with [the mother]."