[Cite as *State v. Schlemmer*, 2016-Ohio-1075.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman |
| Plaintiff - Appellee | : | Hon. John W. Wise |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES R. SCHLEMMER, JR. | : | Case No. 2015CA00136 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Alliance Municipal
                                 Court, Case No. 2015 CRB  893


JUDGMENT:                        Dismissed


DATE OF JUDGMENT:                March 13, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNIFER L. ARNOLD                        EARL. E. WISE, Jr.
Law Director, City of Alliance            122 Central Plaza, North
470 East Market Street                    Canton, Ohio 44702
Alliance, Ohio 44601

*Baldwin, J.*

**{¶1}** Defendant-appellant James R. Schlemmer, Jr. appeals from the June 19, 2015 Entry and Order of the Alliance Municipal Court. Defendant-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 19, 2015, appellant James R. Schlemmer, Jr. was present in court as an observer with a friend, Candice Hughes, who had been accused of domestic violence. After Hughes' pretrial, appellant was present in the hallway outside the courtroom with her and, after becoming upset, was asked by the bailiff to leave. According to the bailiff, appellant cussed at him and "said the word ass… and I asked him not to curse at me and then I asked him to leave, and he turns around and raises up – crosses his arm and raises up with me and begins to say whatever he has to say,…" Transcript at 14. The bailiff then brought appellant back into the courtroom to speak with the Judge.

**{¶3}** Appellant indicated to the trial court that he did not recall using the word "ass", but stated that he had told the bailiff to change his attitude. The trial court then found appellant in direct contempt of court and sentenced him to serve thirty (30) days in jail with 25 days suspended. The trial court told appellant that it would give him the opportunity to purge his contempt if he wrote a letter of apology to the bailiff before the end of business that day. After appellant's first letter was found insufficient by the trial court, appellant was given a second chance to provide a letter of apology before 4:00 that day. The trial court, in an Entry and Order filed on June 19, 2015, stated that appellant had presented a written apology that was acceptable to the trial court, that the jail

sentence was cancelled and that appellant was "to pay court costs of contempt for completion of purge." Appellant paid the costs.

**{¶4}** Appellant now raises the following assignments of error on appeal:

**{¶5}** THE COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THE APPELLANT TO BE IN DIRECT CONTEMPT AND ABUSED IT'S (SIC) DISCRETION BY MAKING SUCH FINDING BASED UPON REASONABLE GROUNDS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶6}** THE COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED HIM HIS RIGHT TO DUE PROCESS BY FAILING TO PROVIDE HIM ADEQUATE NOTICE OF THE NATURE OF THE HEARING, BY NOT ADVISING HIM OF HIS RIGHT TO COUNSEL AND BY FORCING HIM TO TESTIFY AT THE HEARING ON JUNE 19, 2015.

**{¶7}** In the case sub judice, appellant complied with the trial court's purge conditions by writing a letter acceptable to the court and paying court costs, and purged himself of the contempt charge. "An appeal from a finding of contempt becomes moot when the offender either purges himself of the contempt or serves the sentence." *Dotts v. Schaefer,* 5th Dist. Tuscarawas No.2014 AP 06 0022, 2015–Ohio–782, ¶ 21; *Columbus v. Cicero,* 10th Dist. No. 12AP–407, 2013–Ohio–3010, ¶ 12; *Sypherd v. Sypherd,* 9th Dist. Summit No. 25815, 2012–Ohio–2615, ¶ 37. Accordingly, because appellant complied with the trial court's purge conditions, thereby purging himself of the contempt charge, we find this matter has been rendered moot.

{¶8}   Appellant's appeal is, therefore, dismissed as moot.

By: Baldwin, J.

and Wise, J. concur.

Hoffman P.J., dissents

*Hoffman, P.J., dissenting*

{¶9}    I respectfully dissent from the majority opinion.

{¶10} A finding of contempt becomes moot if the offender voluntarily purges himself of the contempt.  See, *In re Contempt of Morris*, (1996) 110 Ohio App.3d 475. Under the circumstances presented herein, I find the writing of the letter of apology and payment of the fine was not voluntary. Failure to do either act by 4:00 p.m. that same day would have resulted in Appellant being jailed.  The situation presented a Hopson's Choice, either go to jail by refusing to purge or purge and thereby give up your right to appeal.[1]

---

[1] At a minimum, I would find the summary finding of Appellant being in direct contempt error because the determinative facts were not personally known to the court, nor does the record demonstrate the administration of justice was obstructed.