[Cite as *In re Contempt of J.A.P.*, 2022-Ohio-613.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE CONTEMPT OF J.A.P.    :

                                       No. 110591

                                                        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR-11705902

***Appearances:***

J.A.P., *pro se appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant, J.A.P. (hereinafter "Mother"), appeals the trial court's decision finding her in contempt of court by failing to abide by the Shared Parenting Agreement ("Agreement"). For the reasons that follow, this court reverses the juvenile court's judgment and remands to vacate the finding of contempt.

{¶ 2} On July 26, 2011, Mother and appellee, A.B. (hereinafter "Father"), entered into the Agreement regarding their three minor children. In August 2015, the parties modified the Agreement to include a provision regarding counseling and

to clarify other provisions in the original Agreement involving extracurricular activities, parenting time, schooling, taxes, and communication ("Modification").

{¶ 3} Relevant to this appeal, the Agreement provided that during even-numbered years, Father would have the children for the Easter holiday. The Agreement specifically provided that

> [s]hould the school-age children's spring vacation occur in the week after Easter, the Easter visitation shall extend to Wednesday at 7:00 p.m. If spring vacation occurs during another time, the parent having Easter shall have the first three weekdays of the spring vacation.

{¶ 4} Regarding "vacation," the Agreement provided that vacations "are to be arranged by each parent with not less than thirty (30) days advance notice to the other parent." Additionally, the Agreement requires each parent to give the other parent "destination times or arrival and departure, and method of travel if the vacation will be outside the parent's community." Finally, the Agreement authorized the parties to file a motion with the court if unresolved scheduling conflicts occurred regarding vacation.

{¶ 5} The record reveals that in 2019, the parties orally agreed to modify the Agreement by allowing Father to exercise visitation during the entire spring break period. The parties dispute the reason why this change occurred.

{¶ 6} On February 11, 2020, Mother notified Father via text message that she was taking their children on spring break vacation from March 17-29, 2020. Father responded that their daughter had a basketball game during that time, and reminded Mother that because Easter was his holiday in 2020, the agreement

provided that he would have the first three weekdays of spring break. According to Father, the planned vacation would have interfered with his parenting time pursuant to the Agreement. In her response message, Mother told Father that he knew about the vacation because their daughter told him and Father had the children during the entire 2019 spring break vacation. The parties exchanged additional text messages that are not relevant to the appeal, but clearly display the tension and bitterness between them.

{¶ 7} On February 27, 2020, Father filed a motion to show cause why Mother should not be held in contempt for violating the Agreement. The motion alleged that Mother was "denying [him] parenting time for spring break; failure to provide vacation destination times and method of travel; uses children to communicate; failure to attend counseling; failure to pay for children's extracurricular activities."

{¶ 8} In April 2020, the juvenile court scheduled a pretrial hearing, which was canceled due to the COVID-19 pandemic. A telephonic pretrial occurred in July, and a magistrate conducted an in-person evidentiary hearing on Father's motion in September 2020.

{¶ 9} At the hearing, Mother and Father both provided sworn narratives and testimony regarding the circumstances surrounding Father's motion. Father stated that Mother violated the Agreement because she planned a vacation over the children's spring break, which according to the Agreement would deprive him of his scheduled parenting time. Additionally, Father advised the court that Mother failed to provide him details about the vacation, despite the Agreement requiring her to do

so. Father stated that Mother also violated the Modification by refusing to attend counseling and pay her portion of the children's extracurricular activities.

{¶ 10} Mother admitted that she scheduled a vacation during the children's spring break period, but said she believed that she and Father were switching years because Father had the children during spring break in 2019. She further admitted that she did not provide Father with details about the vacation because she thought their daughter had already provided those details to Father. Mother stated that the vacation was canceled, however, due to the COVID-19 pandemic. She stated that she attended one counseling session but the counselor advised her there was a "conflict of interest" because of a prior protection order. Finally, Mother stated that she had paid her portion of the agreed-upon extracurricular activity fees. According to Mother, the Modification requires the parties to mutually agree on any additional activities, and the fees Father requested were not for activities that she agreed to.

{¶ 11} The parties did not dispute that Mother's planned vacation never occurred due to the COVID-19 pandemic. Nevertheless, the magistrate found that competent and credible evidence existed that Mother "violated the Court's order regarding the Spring Break schedule." Accordingly, the magistrate granted Father's motion and found Mother in contempt for the violation. The magistrate ordered a suspended sentence of a $250 fine and 30 days in jail. The order provided that Mother "could be purged" from the suspended sentence by "committing no violations of the court's order for the next nine months."

{¶ 12} Mother timely objected to the magistrate's decision, contending that the vacation was canceled due to the COVID-19 pandemic and Father was not deprived of his parenting time pursuant to the Agreement. Accordingly, Mother stated that she did not violate the Agreement.

{¶ 13} The trial court overruled Mother's objections and adopted the magistrate's decision.

{¶ 14} Mother now appeals, raising as her sole assignment of error that the trial court erred and abused its discretion by finding her in contempt for violating the Agreement.

{¶ 15} When reviewing a finding of contempt, including a trial court's imposition of penalties, an appellate court applies an abuse-of-discretion standard. *In re Contempt of Morris*, 110 Ohio App.3d 475, 479, 674 N.E.2d 761 (8th Dist.1996), citing *Dozer v. Dozer*, 88 Ohio App.3d 296, 623 N.E.2d 1272 (4th Dist.1993).

{¶ 16} A juvenile court has authority to issue a contempt order for the failure to comply with a visitation order pursuant to R.C. 2151.21 and 2705.031(A). "Contempt is 'a disregard of, or disobedience to, an order or command of judicial authority.'" *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 106475, 2018-Ohio-4329, ¶ 52, quoting *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808, ¶ 26. To establish contempt, a party must prove the existence of a valid court order, that the respondent had knowledge of the order, and a violation of the order. *In re K.B.*, 8th Dist. Cuyahoga No. 97991, 2012-Ohio-5507, ¶ 11. Civil contempt must be

established by clear and convincing evidence, i.e., the trier of fact must have a firm conviction or belief that the facts alleged are true. *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 99498 and 100229, 2014-Ohio-1508, ¶ 19.

{¶ 17} In this case, the juvenile court held Mother in contempt because she "violated the Court's order regarding the Spring Break schedule." This finding is unsupported by the record because there was no violation of the Agreement.

{¶ 18} When Father filed his motion to show cause, Mother's vacation with the children, although scheduled, had yet to occur. Additionally, when the court held the hearing on Father's motion, the vacation had been canceled and thus never happened. "It has been stated that '[t]here is, in our jurisprudence, no doctrine of "anticipatory contempt,"' and that 'an adjudication of contempt should relate to past conduct, not prospective conduct.'" *Board of Edn. of the Brunswick City School Dist. v. Brunswick Edn. Assn.*, 61 Ohio St.2d 290, 294, 401 N.E.2d 440 (1980), quoting *United States v. Bryan*, 339 U.S. 323, 341, 70 S.Ct. 724, 94 L.Ed. 884 (1950); and *Wright v. Wright*, 331 So.2d 395, 395 (Fla. App.1976). Father's motion to show cause merely anticipated a breach of the Agreement, but it never occurred. Accordingly, although Mother may have scheduled a vacation in contravention of the written Agreement, this action did not interfere with Father's parenting time and thus, there was no violation of the Agreement. Accordingly, the juvenile court abused its discretion in finding Mother in contempt. The assignment of error is sustained.

{¶ 19} Although the juvenile court abused its discretion in finding Mother in contempt, we agree with the court's finding that "there is animosity between the mother and father, and the hatred between the two of them is almost juvenile[, which is] fostering a toxic environment for the child[ren]."  Clearly, this animosity is causing unnecessary legal intervention, which is detrimental to all parties, including the children.

{¶ 20} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court to vacate the order of contempt.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EMANUELLA D. GROVES, J., CONCUR