**In re John GROWNEY, Debtor.**

**Dolores GROWNEY, Plaintiff,**

v.

**John GROWNEY, Defendant.**

**Bankruptcy Nos. 81–20813, 81–2206A.**

United States Bankruptcy Court,
W. D. New York.

Dec. 15, 1981.

Caroline W. Branch, Rochester, N. Y., for plaintiff.

John F. Growney, pro se.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

John and Dolores Growney were divorced on December 15, 1977. By the terms of the divorce decree, John Growney was ordered to pay "all medical, dental, optical and prescription expenses" of the couple's two children, Maureen and Patrick.

At the time John Growney filed his petition pursuant to Chapter 7 of the Bankruptcy Code, the unpaid medical and dental expenses were $4,251 for Maureen and $327.50 for Patrick. The debtor listed these debts on his petition and sought to have them discharged.

On August 11, 1981, Dolores Growney filed a complaint requesting this Court to deny discharge of the above mentioned medical bills pursuant to 11 U.S.C. § 523(a)(5) which provided:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .

There is no doubt that the medical and dental bills in question are in the nature of child support obligations. Dom. Rel.L. § 32; Fam.Ct.Act § 413; Social Services Law § 101; and *Finger v. Finger*, 38 A.D.2d 956, 331 N.Y.S.2d 465. The fact that at this time the debts are not payable directly to the wife or children, but instead are outstanding liabilities of both parents and payable to the doctors and hospitals involved, does not render them dischargeable. As the Second Circuit Court of Appeals said in *In re Spong*, 661 F.2d 6, 8 B.C.D. 150 at 153:

"In making this contention, [the debtor] overlooks the well-established principle of Bankruptcy law that dischargeability must be determined by the substance of the liability rather than its form"

If the debtor fails to satisfy his obligations to the medical claimants, the debtor "at the same time, fails to satisfy his obligation to his wife [and children]". *Id.* 661 F.2d 6, 8 B.C.D. at 154.

This Court is bound by the *Spong* decision and therefore holds that the medical and dental bills at issue are non-dischargeable pursuant to § 523(a)(5) and it is so ordered.