**DOZER, Appellant,**

v.

**DOZER, Appellee.**

[Cite as *Dozer v. Dozer* (1993), 88 Ohio App.3d 296.]

Court of Appeals of Ohio,
Ross County.

No. 1895.

Decided June 18, 1993.

*Southeastern Ohio Legal Services* and *James Buchanan,* for appellant.

*Kirk E. Dozer, pro se.*

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Ross County Common Pleas Court that, *inter alia,* found certain marital debts dischargeable in bankruptcy and other debts nondischargeable in bankruptcy.

Appellant assigns the following errors:

### First Assignment of Error

"The court erred as a matter of law in finding that the medical debts were not in the nature of support and were thus dischargeable."

### Second Assignment of Error

"The court erred as a matter of law and abused its discretion in failing to find Kirk Dozer in contempt for his failure to make required payments and failing to offer appellant relief for the contempt of Kirk Dozer."

On June 20, 1990, the court granted Debra S. Dozer, appellant herein, and Kirk E. Dozer, appellee herein, a dissolution of marriage. The court awarded appellant custody of the parties' two minor children. The separation agreement provides that appellee shall make weekly spousal support payments of $105 to appellant for a period of one year following the dissolution. The agreement further provides that as spousal support appellee shall be obligated for the "entire marital debts owed on the mobile home that is financed through Mead

Credit Union, [and] the 1989 Probe automobile, which is financed through Mead Credit Union." The agreement states in pertinent part:

"This alimony obligation is non-dischargeable under Bankruptcy law.

"This alimony obligation shall not be considered taxable income to the wife nor deductible to the husband."

Additionally, the separation agreement requires appellee to provide medical insurance coverage for the minor children and pay all uninsured medical, dental, optical, and orthodontic expenses not paid by insurance.

On July 11, 1991, appellee filed a petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. On November 27, 1991, the bankruptcy court granted appellee a general discharge in bankruptcy. Appellee defaulted on the loan on the 1989 Probe vehicle and subsequently the financier repossessed and sold the vehicle. Appellee continues to make the payments on the mobile home. The minor children of the marriage have incurred several medical bills which remain unpaid.

On January 29, 1992, appellant filed a motion requesting the court find appellee in contempt for failure to pay the automobile and medical expenses. Appellant further requested the court increase the amount of child support if the court found the expenses in question were dischargeable in bankruptcy. Appellant contends appellee's obligation on the vehicle, mobile home, and medical expenses are in the nature of support and, therefore, nondischargeable in bankruptcy. The court referred the case to a referee who heard the matter on April 15, 1992.

On May 12, 1992, the referee filed his report and recommendations. Both parties filed objections to the referee's report and on June 24, 1992, the trial court overruled the parties' objections and expressly adopted the referee's report and recommendations. The trial court found that the debts on the vehicle and mobile home were nondischargeable in bankruptcy and that the debts for unpaid medical expenses are dischargeable. The trial court further outlined a specific visitation schedule for appellee. The court did not mention appellant's motion for contempt.

Appellant filed a timely notice of appeal.

## I

Initially, we note that appellee Kirk Dozer's brief not only addresses the assignments of error set forth in appellant Debra Dozer's brief, but appellee also makes his own assignments of error in the nature of a cross-appeal. Appellee did not, however, properly commence his cross-appeal by filing a notice of appeal as required by App.R. 4(B)(1). Thus, we will not consider the assignments of error set forth in appellee's brief.

In her first assignment of error, appellant asserts the unpaid medical expenses are in the nature of alimony, maintenance, or support and are thus nondischargeable in bankruptcy under Section 523(a)(5), Title 11, U.S.Code.

State and federal courts have concurrent jurisdiction to determine whether debts are nondischargeable under Section 523(a)(5), Title 11, U.S.Code. *Barnett v. Barnett* (1984), 9 Ohio St.3d 47, 9 OBR 165, 458 N.E.2d 834; *Pearl v. Pearl* (1990), 69 Ohio App.3d 173, 590 N.E.2d 315; *Matter of Brock* (Bankr.Ct. Ohio 1986), 58 B.R. 797, 14 BCD 161. Although state law may provide a useful source of guidance, it is not binding on the court and federal law controls. *Barnett, supra; In re Gianakas* (C.A.3, 1990), 917 F.2d 759; *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103; *In re Paulson* (Bankr.Ct.Tenn.1983), 27 B.R. 330.

Section 523, Title 11, U.S.Code establishes what type of debts are excepted from discharge in bankruptcy. Subsection (a)(5) states the following payments are excepted from discharge:

"[Any debt] to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of . such spouse or child, in connection with a separation agreement, divorce decree, * * * or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(A)(26) of the Social Security Act); * * * or

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support * * *."

The United States Court of Appeals for the Sixth Circuit, in *Calhoun, supra,* established a three-factor test a court must use when determining whether an obligation imposed by a divorce decree is in the nature of alimony and thus nondischargeable, or is a division of property and dischargeable: (1) "whether the state court or the parties to the divorce *intended* to create an obligation to provide support through the assumption of the joint debts"; (2) "whether such assumption has the *effect* of providing the support *necessary* to ensure that the daily needs of the former spouse and any children of the marriage are satisfied"; and (3) whether "the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." (Emphasis *sic.*) *Calhoun,* 715 F.2d at 1109–1110.

In the case *sub judice,* the court adopted the referee's report which stated in pertinent part as follows:

"The medical expenses submitted at [the] hearing occurred after the parties' dissolution. The agreement which provides that husband is to pay all medical expenses has prospective application. Upon application of the principles as mentioned in *Calhoun*, it is determined that this provision intends to create an obligation to provide support. However, this provision does not have the actual effect of providing daily support. For the most part, the obligation to pay medical expenses does not arise on a periodic basis as a mortgage or installment payment does. Medical expenses are paid when they arise and cannot be viewed as support necessary to insure that the *daily* needs of the former spouse and children are satisfied. Further, in this situation, it is the medical provider who is directly benefitting by the payment of these expenses. As such, the second test is not met and the inquiry must end." (Emphasis added.)

Thus, the court below found the parties intended medical expenses to be in the nature of child support. However, the court found the debt failed the second part of the *Calhoun* test. The court found medical expenses not to be in the nature of support because they do not arise in a regular, periodic fashion. Additionally, the court noted that the medical provider is the benefactor of the payment of the medical expenses. We disagree.

Under the second criteria, the *Calhoun* court further directs that courts "look to the practical effect of the discharge of each loan upon the dependent spouse's ability to sustain daily needs." *Calhoun*, 715 F.2d at 1109. In the case *sub judice*, appellant's ability to sustain the daily needs of herself and the children for items such as food and clothing is curtailed if she must expend money for medical expenses not covered by appellee's insurance. Courts, both prior to and following *Calhoun*, have generally held medical expenses to be in the nature of support. See, *e.g.*, *In re Wilburn* (Bankr.Ct.Tenn.1991), 125 B.R. 759; *In re Shelton* (Bankr.Ct.Ohio 1988), 92 B.R. 268; *In re Smotherman* (Bankr.Ct.Ohio 1983), 30 B.R. 568; *In re Bradley* (Bankr.Ct.Tenn.1981), 17 B.R. 107; *In re Growney* (Bankr.Ct.N.Y.1981), 15 B.R. 849; *In re Brace* (Bankr.Ct.Ohio 1981), 13 B.R. 551. But, see, *In re Rice* (Bankr.Ct.Mo.1988), 94 B.R. 617, 18 BCD 1024 (court found that the parties intended medical expenses to balance the division of marital property based on the placement of the particular clause in the separation agreement and the amount of property awarded to each party).

Lastly, the court erred by finding the debt dischargeable because a third party benefits from the payments. The court in *Growney, supra*, stated:

"There is no doubt that the medical and dental bills in question are in the nature of child support obligations. Dom.Rel.L. § 32; Fam.Ct.Act § 413; Social Services Law § 101; and *Finger v. Finger*, 38 A.D.2d 956, 331 N.Y.S.2d 465. The fact that at this time the debts are not payable directly to the wife or children, but instead are outstanding liabilities of both parents and payable to the

doctors and hospitals involved, does not render them dischargeable." *Growney,* 15 B.R. at 850.

Appellant and the minor children directly benefit from appellee's payment of the medical obligations. Thus, we conclude the medical obligations are in the nature of support.

Accordingly, based on the foregoing reasons, we sustain appellant's first assignment of error. We reverse the court's judgment to the extent that the medical expenses listed on appellee's petition in bankruptcy are dischargeable and remand for a determination of the reasonableness of these debts pursuant to the third prong of the test enunciated in *Calhoun.*

## II

In her second assignment of error, appellant contends the court erred because it did not hold appellee in contempt of a previously issued court order requiring appellee to pay medical expenses and the car payments.

A court's authority to punish a party for contempt for failure to comply with a prior order derives from both the court's inherent authority and from statutory authority. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870; *Hale v. State* (1896), 55 Ohio St. 210, 45 N.E. 199. Contempt is a disregard of, or disobedience to, the orders or commands of judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. Indirect contempt may include the disobedience of, or resistance to, a lawful order, judgment, or command of a court officer. See R.C. 2705.02.[1] Courts must make civil contempt findings based upon clear and convincing evidence. *ConTex, Inc. v. Consol. Technologies, Inc.* (1988), 40 Ohio App.3d 94, 531 N.E.2d 1353.

When reviewing a finding of contempt an appellate court must apply an "abuse of discretion" standard. See *Chaudhry v. Chaudhry* (Apr. 8, 1992), Summit App. No. 15252, unreported, 1992 WL 74204. In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030, the court wrote: "As this court has held many times, an ' "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.' See, *e.g., Blakemore [v. Blakemore,* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142]." When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Berk v. Matthews*

---

1. R.C. 2705.02 provides in pertinent part:
    "A person guilty of any of the following acts may be punished as for a contempt:
    "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer. * * * "

(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950.

In the case *sub judice*, our review of the court's judgment entry reveals the court did not address appellant's motion to have appellee found in contempt for his alleged failure to obey a previously issued court order. Generally, when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion. See *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001; *Kane v. Ford Motor Co.* (1984), 17 Ohio App.3d 111, 17 OBR 173, 477 N.E.2d 662; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858; *Francis v. Francis* (Aug. 8, 1990), Lawrence App. No. 1925, unreported, 1990 WL 119250. After a review of the record in the case *sub judice*, we find no error. We will not substitute our judgment for that of the trial court.

Accordingly, based on the foregoing reasons, we overrule appellant's second assignment of error.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

GREY, J., concurs.

STEPHENSON, J., concurs in judgment only.