OPINION
{¶ 1} This case is before us on Plaintiff-Appellant Dean L. Schultz's appeal from the parties' final judgment and decree of divorce.
 {¶ 2} Dean L. Schultz (Dean) married Defendant-Appellee Diane E.C. Schultz (Diane) on September 8, 1990. Two children were born during the marriage. On March 22, 2000 Dean filed a complaint for divorce. The trial court heard testimony on September 24 and 25, 2001 and on January 17, 2002. The trial court issued a decision and order on April 8, 2002 outlining the terms of the divorce, including the division of marital property. Thereafter, Dean filed a motion outlining alleged omissions and errors in the decision and requesting a hearing. Without specifically addressing that motion, the trial court issued its final judgment and decree of divorce on November 13, 2002. It is from that final judgment and decree that Dean now appeals, raising six assignments of error related to property division.
 {¶ 3} "The Trial Court Erred To The Prejudice Of The Appellant When It Used A Termination Date Of Marriage On January 17, 2002 But Computed Appellee's Portion Of The Marital Credit Card Debt Using Data From September 2001."
 {¶ 4} In his second assignment of error, Dean argues that the trial court abused its discretion in dividing the balances of the Discover and Visa credit cards as of the time of the first hearings in September of 2001. Instead, he insists that the court should have divided the balances as of the termination of the marriage on January 17, 2002. For the following reasons, we disagree.
 {¶ 5} Both Dean and Diane agreed during the course of the hearings that Diane had not used either of the credit cards since approximately January 5, 2001. Furthermore, the parties agreed that any additional charges since that time were made by Dean. In fact, any charges made by Diane after that date were made to her own credit cards, and she assumed sole responsibility for those charges. Thus, there was no reason for the court to have allocated any of the additional expenses incurred by Dean after September of 2001 to Diane.
 {¶ 6} Accordingly, Appellant's second assignment of error is overruled.
 {¶ 7} "The Trial Court Erred To The Prejudice Of The Appellant When It Found That The E-trade Account Was Marital Property And Divided It Equally But The Evidence Showed The Account Was The Separate Property Of The Appellant."
 {¶ 8} Here Dean argues that the trial court's finding that his E-Trade account was a marital asset was against the manifest weight of the evidence.
 {¶ 9} Revised Code Section 3105.171(A)(6) clearly establishes that property received by one spouse as a gift during the course of the marriage is separate property, not marital property. Thus, the trial court had to determine whether Dean opened his E-Trade account with gift money that was his separate property, as he claimed.
 {¶ 10} Dean presented the court with copies of three checks written by his parents to him, each in the amount of $10,000. He claimed that the checks were intended as gifts to him. He stated that he used half of the third check to open an E-Trade account in his name. Although the parties agreed that Dean frequently used money from his parents to pay for marital expenses, that does not negate the claim that the money was a gift to Dean alone. Moreover, the fact that Dean deposited any of the gift money into a joint bank account does not destroy its status as separate property. To the contrary, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. § 3105.171(A)(6)(b). The record is devoid of evidence that the E-Trade account was opened with marital funds. Therefore, we conclude that the trial court's finding that the E-Trade account was marital property was against the manifest weight of the evidence.
 {¶ 11} Accordingly, we sustain Appellant's third assignment of error.
 {¶ 12} "The Trial Court Erred To The Prejudice Of The Appellant When It Failed To Consider And Divide As Marital Debt The Federal Tax Due For The 1999 And 2000 Tax Years And The State Tax For The 2000 Tax Year Totaling Over $25,000 Even Though This Marital Debt Was Presented At The Hearing."
 {¶ 13} In his fourth assignment of error, Dean argues that the trial court abused its discretion in failing to allocate responsibility for the federal and state taxes owed by the parties. We agree.
 {¶ 14} Although there was no testimony offered about the tax liabilities, the debts were listed on Dean's updated affidavit of income and expenses, which was entered into evidence at the hearing. Therefore, we think it likely that the trial court merely overlooked these debts when addressing the property division issues.
 {¶ 15} Accordingly, Appellant's fourth assignment of error is sustained. We will remand this issue for the trial court to allocate responsibility for these marital debts.
 {¶ 16} "The Trial Court Erred To The Prejudice Of The Appellant When It Found That Appellant Had Made A $10,000 Down Payment On His Automobile Using Premarital Money When He Made A $30,050 Down Payment On His Automobile Using Premarital Money."
 {¶ 17} Under this assignment of error, Dean argues that the trial court abused its discretion in determining that he had made a down payment on his vehicle in the amount of $10,000 from premarital money, when he in fact made a down payment of $30,050 from premarital money.
 {¶ 18} The parties agreed that Dean had an IRA account that held entirely premarital funds. Dean testified that he used part of those funds to make a down payment on his automobile. However, the transcript does not reveal a specific dollar amount of the down payment. Additionally, the exhibit offered in support of this claim does not establish a specific amount of the down payment. Instead, the document merely shows that a withdrawal of $50,362 was made from the account. Thus, while we believe that this is sufficient to prove that a down payment was made from premarital funds, there is insufficient evidence as to the exact amount of that payment. Furthermore, it is unclear from the record how the trial court reached its conclusion that the amount of the down payment was $10,000. Accordingly, we must remand this issue for the trial court to reconsider the amount of the down payment made from premarital assets.
 {¶ 19} Therefore, Appellant's fifth assignment of error is sustained.
 {¶ 20} "The Trial Court Erred To The Prejudice Of The Appellant When It Found That The Marital Assets Included Forty-nine United States Savings Bonds When The Evidence Showed These Were Used To Pay Marital Debts."
 {¶ 21} In his sixth assignment of error, Dean argues that the trial court abused its discretion in dividing forty-nine U.S. savings bonds as marital property because all but two of those bonds were used to pay marital debts.
 {¶ 22} Dean offers no references in the record as to any evidence regarding the existence of the bonds or their use for paying marital debts. Moreover, a careful review of the transcripts and the exhibits presented at the hearings reveals no evidence regarding the existence of any savings bonds or the use of such bonds to pay marital debts. However, the fact that the trial court addressed the issue in the final decree indicates that the court had knowledge of the existence of savings bonds at some point during the proceedings. Therefore, it is appropriate to remand this issue to the trial court for clarification as to the number of savings bonds still in existence at the time of the divorce and their appropriate division between the parties.
 {¶ 23} Accordingly, Appellant's sixth assignment of error is sustained.
 {¶ 24} "The Trial Court Erred To The Prejudice Of The Appellant When It Failed To Consider Appellant's Motion On The Court's Decision And Order And For Conference To Resolve Several Omissions And Erroneous Findings Of Fact."
 {¶ 25} In his first assignment of error, Dean argues that the trial court abused its discretion in failing to conduct a hearing on his June 3, 2002 motion and in failing to specifically rule upon that motion. Dean acknowledges that when a trial court does not specifically rule upon a motion, that motion is deemed to have been overruled. Dozerv. Dozer (1993), 88 Ohio App.3d 296, 303, 623 N.E.2d 1272. Because Dean has an appropriate remedy for the errors that he alleges in the form of this appeal, we cannot conclude that the trial court abused its discretion in denying his motion.
 {¶ 26} In that we have sustained four of the assignments of error and are remanding this case to the trial court for further proceedings, any abuse of discretion was indeed harmless. Accordingly, Appellant's first assignment of error is overruled.
 {¶ 27} We will REVERSE the final judgment and decree of divorce as it pertains to the division of property and allocation of debts and REMAND this matter to the trial court to revise the property division and debt allocation in accordance with this opinion. In all other respects, the final judgment and decree of divorce will be AFFIRMED.
FAIN, P.J. and BROGAN, J., concur.