OPINION.
{¶ 1} Plaintiff/Appellant/Cross-Appellee Joseph Avery and Defendant/Appellee/Cross-Appellant Virginia Avery were married for approximately fifteen years and have one minor child, William, born during the marriage. The trial court issued its final judgment and decree of divorce on August 16, 2001. Both parties appealed from that judgment. We remanded the case for recalculation of spousal and child support. During the pendency of the remand, the parties filed requests to alter the child visitation schedule and to modify the spousal and child support orders. The trial court issued a decision on the visitation motion on October 28, 2002. The court issued its decision regarding the spousal and child support orders and on the remand issues on December 4, 2002. It is from those two entries that the parties now appeal. Greene County Appellate Court Case Numbers 2002 CA 105, 2002 CA 121, and 2003 CA 1 have been consolidated.
 I {¶ 2} Joseph's December 2, 2002 brief presents only two assignments of error, both of which attack the trial court's modification of his visitation with his minor son, William.
 {¶ 3} Joseph's first assignment of error:
 {¶ 4} "In clear violation of R.C. § 3109.051(A) and (D)(2), (3), and (14), the trial court committed a clear and unambiguous abuse of discretion and erred by basing an overwhelming portion of its judgment entry on judicial rationales that are not authorized for consideration in establishing or modifying a fair and equitable non-residential parent visitation schedule, and either excluded or gave perfunctory consideration to statutory factors which should have been considered of paramount importance. Furthermore, those statutory factors that were submitted by the court as rationale to limit visitation were used against the manifest weight of the evidence and did not meet the test of previous case law or legislative intent."
 {¶ 5} Joseph's second assignment of error:
 {¶ 6} "The trial court erred in its judgment entry and committed an abuse of discretion when it fully upheld the magistrate's decision and order which was favorable to the appellant, overruled the plaintiff's objections to the non-consequential changes made to the standard visitation order which was technically favorable to the appellant, and then, in all practicality, commenced to reverse the magistrate's ruling by rejecting the underlying basis, assumptions, and rationale of the magistrate's decision."
 {¶ 7} In both of these assignments of error, Joseph argues that the trial court abused its discretion in ordering only an additional fourteen days of visitation. We disagree.
 {¶ 8} Because Joseph was required by the military to move from Ohio to Virginia, he lost his mid-week visitation with William. For that reason, he asked the trial court to order additional visitation during Christmas, spring break, and summer vacation. The trial court found that when considering William's schedule, the most that the court could reasonably order was an extra two weeks of visitation during the summer. As unfortunate as it is that Joseph and William's time together is limited by the miles that separate them, we cannot say that the trial court abused its discretion in only granting Joseph's request for additional visitation in part.
 {¶ 9} Accordingly, these two assignments of error are overruled.
 II {¶ 10} In Joseph's June 6, 2003 brief, he presents 26 assignments of error. As all of his first seven assignments of error challenge the trial court's calculation of his child support order, they shall be addressed together.
 {¶ 11} Joseph's first assignment of error:
 {¶ 12} "The trial court committed numerous errors in its computation of child support computation worksheet #02-12-0568 [Date of final hearing to final decree 6/13/01-8/15/01] in violation of R.C. § 3119.022, § 3119.021, and the appellate court's final entry dated March 8, 2002."
 {¶ 13} Joseph's second assignment of error:
 {¶ 14} "The trial court committed numerous errors in its computation of child support computation worksheet #02-12-0569 [Date of final decree to filing of change of circumstances 8/16/01-4/8/02] in violation of R.C. § 3119.022, § 3119.021, and the appellate court's final entry dated March 8, 2002."
 {¶ 15} Joseph's third assignment of error:
 {¶ 16} "The trial court erred in its computation of child support computation worksheet #02-12-0570 [4/8/02-6/30/02] in violation of R.C. § 3119.022 and § 3119.021."
 {¶ 17} Joseph's fourth assignment of error:
 {¶ 18} "The trial court erred in its computation of child support computation worksheet #02-12-0571 [From date of Air Force activation forward 7/01/02-present] line 10, in violation of R.C. § 3119.022 and § 3119.021."
 {¶ 19} Joseph's fifth assignment of error:
 {¶ 20} "The trial court erred and committed an abuse of discretion by treating the plaintiff (appellant) inequitably in its calculation of all child support computation worksheets by using different methods ofcalculation for each party, thus not applying annualized figures to both
defendant and plaintiff and not assigning additional earned income."
 {¶ 21} Joseph's sixth assignment of error:
 {¶ 22} "The trial court committed an egregious abuse of discretion and exhibited callousness by not compensating the appellant with any monetary credit or reimbursement for the previous errors in the child support computation worksheets arising from appellate Case Number 2001 CA 100."
 {¶ 23} Joseph's seventh assignment of error:
 {¶ 24} "The trial court erred and abused its discretion in its new December 4th, 2002 judgment entry by violating and exceeding both state and federal statutory limitations on support ordered withholdings."
 {¶ 25} In his first seven assignments of error, Joseph claims that the trial court has repeatedly failed to properly calculate his child support obligation from the time of the final decree until the present. In support he offers several arguments, most of which apply to all four of the child support worksheets that the trial court has prepared in this case.
 {¶ 26} First, Joseph argues that the trial court failed to consider the spousal support received by Virginia. When calculating child support, the amount of spousal support received by the custodial parent is to be included as part of her income pursuant to R.C. §3119.01(C)(7). See, e.g., Posadny v. Posadny (Feb. 22, 2002), Montgomery App. No. 18906. Unfortunately, the trial court failed to include Virginia's spousal support as income on any of the four worksheets. For that reason, the first seven assignments of error will be sustained in part, and this matter will be reversed and remanded for correction of Line 6 of Column II, on all four worksheets.
 {¶ 27} Second, Joseph insists that the trial court must use an annualized figure for Virginia's unemployment income. However, this overlooks the uncontroverted fact that her unemployment benefits ran out on August 6, 2001. Accordingly, the trial court only credited Virginia with the money that she actually received. We cannot conclude that the trial court abused its discretion in not using an annualized amount when the benefits had been terminated.
 {¶ 28} Third, Joseph claims that the amounts credited to the parties for local taxes paid are in error. Because there are no local income taxes paid in Virginia's town of residence (Beavercreek), the amount listed on Line 11 of Column II of the first worksheet should be zero. However, on each worksheet the trial court properly credited Joseph with payment of local taxes relying on his base income. Joseph's worker's compensation income is not taxable. Nor are his basic allowance for quarters or his basic allowance for subsistence (hereinafter BAQ and BAS, respectively). The trial court will be ordered to correct the amount of local taxes paid by Virginia on the first worksheet.
 {¶ 29} Joseph next argues that the trial court should have credited Virginia with income of $1,404.13 from a temporary job. Nevertheless, because she had no current income at the time that the worksheet was completed, we cannot say that the trial court abused its discretion in omitting this relatively small amount.
 {¶ 30} Joseph also insists that the trial court improperly credited Virginia with her coverture fraction of his retirement income. However, after careful review, we see no error in this regard. She was credited on the second and third worksheets with the amounts that she actually received. Because Joseph has returned to active duty, his retirement benefits have been suspended. The fourth worksheet accurately reflects the fact that Virginia is no longer receiving this income.
 {¶ 31} Finally, Joseph points out that the trial court failed to correctly credit him for the payment of health care premiums. There is uncontroverted testimony on page 17 of the January 17, 2003 transcript that Joseph pays $1,321 in health care premiums. However, the trial court only credited him for payment of the dental insurance premium. Accordingly, Joseph's first seven assignments of error are sustained in part, and this matter will be remanded for correction of all four worksheets to reflect Joseph's payment of $1,321 in health care premiums for insurance coverage for his son.
 {¶ 32} For the foregoing reasons, Joseph's first seven assignments of error are sustained in part. The trial court will be ordered to recalculate the child support computation worksheets in accordance with our findings.
 III {¶ 33} In his eighth through twelfth assignments of error, Joseph argues that the trial court erred in failing to rule on some of his motions to make certain changes to the final decree of divorce and in overruling other motions for such changes. Although Joseph characterizes all of his requests as motions to alter the final divorce decree, they are more properly labeled as post-decree motions. Accordingly, we shall address them together as such.
 {¶ 34} Joseph's eighth assignment of error:
 {¶ 35} "The trial court clearly abused its discretion by acting in an arbitrary, unreasonable, prejudicial, and unconscionable manner by ignoring and distorting the plaintiff's evidence and testimony andrefusing to seriously consider almost all of the six important issues and motions that Mr. Avery brought before the trial court."
 {¶ 36} Joseph's ninth assignment of error:
 {¶ 37} "The trial court clearly abused its discretion by acting in an arbitrary, unreasonable, prejudicial, and unconscionable manner by ignoring plaintiff's request to issue a `supplement to the final judgment and decree of divorce regarding medical rights' as previously discussed by the appellate court in its March 8th, 2002 ruling, Case 2001 CA 100, Page 21, Top."
 {¶ 38} Joseph's tenth assignment of error:
 {¶ 39} "The trial court abused its discretion and acted with judicial prejudice by giving no consideration, or even addressing in its judgment, Mr. Avery's reasonable motion to add language to the final decree to protect his future retirement earnings."
 {¶ 40} Joseph's eleventh assignment of error:
 {¶ 41} "The trial court abused its discretion, blatantly disregarding the rights of the plaintiff, by giving no consideration to a request by the plaintiff, as specified in Exhibit 21, Paragraph 6, to add language to the final judgment and decree of divorce or to a separate support order to prohibit the Child Support Enforcement Agency of Greene County (CSEA) from arbitrarily changing support payment amounts credited to either child or spousal support."
 {¶ 42} Joseph's twelfth assignment of error:
 {¶ 43} "The trial court abused its discretion by acting unreasonably, arbitrarily, and with great bias by giving little to no consideration to plaintiff's very reasonable request to add protective language to Part A, Paragraph 12, of the final divorce decree (Exhibit 21, Page 3, Paragraph 13) to insure that the defendant, on behalf of the minor child, does not use out-of-plan medical sources not covered under plaintiff's Tricare Government Medical Insurance without first using in-plan services."
 {¶ 44} Initially, we point out that when a trial court does not specifically rule upon a motion, that motion is deemed to have been overruled. Dozer v. Dozer (1993), 88 Ohio App.3d 296, 303, 623 N.E.2d 1272. Thus, the motions that the trial court did not rule on in this case, were overruled.
 {¶ 45} For the most part Joseph's various motions seem to anticipate potential problems between himself and Virginia. For example, he anticipates Virginia's failure to cooperate with medical treatment for William. He also expects the CSEA to fail to keep accurate records of his payments and for Virginia to receive an unfair portion of his future retirement income. In spite of these anticipated problems, we must point out that the trial court may only address specific problems, not deal with speculative future events. This is not to say that Joseph could not raise these issues in the trial court should they become a problem at some point in the future.
 {¶ 46} After a careful review of the record, we cannot find that the trial court abused its discretion in refusing to issue the requested post-decree orders for which no need has yet been demonstrated. Accordingly, Joseph's eighth through twelfth assignments of error are overruled.
 IV {¶ 47} In Joseph's fourteenth, fifteenth, sixteenth, and twenty-first assignments of error, he challenges the trial court's spousal support order.
 {¶ 48} Joseph's fourteenth assignment of error:
 {¶ 49} "In violation of R.C. § 3105.18, the trial court abused its discretion and acted unreasonably and prejudicially by: (a) jeopardizing the best interest of the child, and (b) violating the provisions of R.C. § 3105.18."
 {¶ 50} Joseph's fifteenth assignment of error:
 {¶ 51} "The trial court erred and abused its discretion by using as a prime justification to deny the appellant's application for a reduction in spousal support obligation the fact that the plaintiff receives Basic Allowance for Subsistence (BAS) and Basic Allowance for Quarters (BAQ) as related to the issue of spousal support."
 {¶ 52} Joseph's sixteenth assignment of error:
 {¶ 53} "The trial court clearly abused its discretion in its initial and subsequent determinations of spousal support in violation of R.C. § 3105.18."
 {¶ 54} Joseph's twenty-first assignment of error:
 {¶ 55} "The trial court erred and abused its discretion by accepting and permitting action on a defendant's motion and notice of hearing for a change of circumstance hearing when there was no change of circumstances for defendant at the time."
 {¶ 56} Much of Joseph's basis for his belief that the spousal support order should be decreased is the higher cost of living in his new home state of Virginia. However, he fails to acknowledge the fact that the reason that he receives BAQ and BAS is the fact that he now has a higher cost of living. Moreover, R.C. § 3119.01(C)(7) specifically states that BAQ and BAS income is to be included in gross income when calculating child support. There is no logical reason to treat such income differently for the purpose of determining spousal support.
 {¶ 57} When Joseph returned to active duty, it is true that he lost his retirement income. However, he also started to receive active duty pay. Therefore, his income increased substantially. Moreover, when Virginia's unemployment benefits expired, her income was significantly decreased. Such changes are precisely what is contemplated when the legislature requires a change of circumstances before a trial court may reconsider a spousal support order.
 {¶ 58} Finally, there is no evidence in this record that the trial court based its spousal support order solely upon some mathematical formula rather than taking into consideration the specific details of Joseph and Virginia's particular circumstances.
 {¶ 59} For these reasons, Joseph's fourteenth, fifteenth, sixteenth, and twenty-first assignments of error are overruled.
 V {¶ 60} In Joseph's thirteenth, eighteenth, nineteenth, and twentieth assignments of error, he challenges the trial court's refusal to impute income to Virginia and the trial court's denial of his request to order Virginia to seek work.
 {¶ 61} Joseph's thirteenth assignment of error:
 {¶ 62} "The trial court committed an abuse of discretion by failing to address the plaintiff's motion to direct the defendant, Virginia Avery, to seek employment, ignoring previous case law and contradictory defendant testimony and exhibits."
 {¶ 63} Joseph's eighteenth assignment of error:
 {¶ 64} "The trial court erred and abused its discretion by acting arbitrarily and unreasonably in its refusal to seriously consider imputing income to the defendant in total disregard of the facts, weight of the evidence, previous case law, and highly contradictory evidence."
 {¶ 65} Joseph's nineteenth assignment of error:
 {¶ 66} "The court erred, and with great bias, abused its discretion in its justification to deny an imputing of income to the defendant by incorrectly arguing that the plaintiff specified that he requested [with the implication he solely requested] that an income of $50,000 to $60,000 be assessed to the defendant as imputed income, an argument which is proven untrue by both testimony and submitted documentary evidence."
 {¶ 67} Joseph's twentieth assignment of error:
 {¶ 68} "The court abused its discretion by acting unreasonably and unconscionably by leveling a ridiculously ludicrous and unreasonable level of burden of proof on the plaintiff regarding the availability of any employment opportunities in the entire Miami Valley area, regardless of type, in its decision denying the imputing of income to the defendant."
 {¶ 69} The trial court considered the fact that Virginia has various medical problems that require significant amounts of time spent in physical therapy. She is also attending school in order to improve her skills for future employment. In addition, Virginia is the primary custodian of William, in itself a time-consuming endeavor. After a careful review of the entire record, we cannot say that the trial court's reasoning was unreasonable under Virginia's current circumstances.
 {¶ 70} Clearly, Virginia has an ongoing obligation to support William, just as Joseph does. At some point in the future, when Virginia's circumstances change, perhaps it would be appropriate for the trial court to order her to seek work and/or to impute income on her behalf.
 {¶ 71} Accordingly, Joseph's thirteenth, eighteenth, nineteenth, and twentieth assignments of error are overruled.
 VI {¶ 72} Joseph's twenty-second assignment of error:
 {¶ 73} "The trial court erred and abused its discretion when it knowingly violated the rules of evidence in the defendant's favor and accepted hearsay and other evidence protested by plaintiff's counsel, and permitted falsified documentation into evidence."
 {¶ 74} Joseph's twenty-third assignment of error:
 {¶ 75} "The trial court committed an error by inadvertently entering as evidence a document falsified by the defendant and attached to Exhibit 9 (Page 2), Mr. Sorrentino letter)."
 {¶ 76} Here Joseph argues that the trial court abused its discretion in admitting into evidence Defendant's Exhibits 5, a letter regarding Virginia's termination from temporary employment, and the second page of Exhibit 9, a letter purportedly written by Joseph's father, Mr. Sorrentino.
 {¶ 77} We agree that Exhibit 5 should have been excluded, just as Exhibits 6-9 were, because they all contained hearsay. Because Joseph properly objected to its admission, the trial court erred in admitting it. However, there is no reason to believe that the erroneous admission of this document in any way affected the trial court's judgment. Thus, the admission of Exhibit 5 was harmless error.
 {¶ 78} Exhibit 9 contained two unrelated papers. At the hearing reference was made to the first page, which the trial court clearly excluded from evidence. No testimony was offered regarding the second page, the Sorrentino letter. Therefore, there is no reason to believe that the second, unrelated page of the exhibit was admitted.
 {¶ 79} Accordingly, Joseph's twenty-second and twenty-third assignments of error are overruled.
 VII {¶ 80} Joseph's twenty-fourth assignment of error:
 {¶ 81} "Plaintiff asserts that the trial court erred and abused its discretion by acting and formulating its judgment out of passion for the defendant."
 {¶ 82} Here Joseph claims that the trial court's decisions were based on passion or pity for Virginia rather than upon the relevant statutes and case law. However, there is absolutely no evidence the record of any unreasonable pity for Virginia. The trial court tried to be understanding of the fact that she was unrepresented. There was nothing inappropriate about this. Joseph's twenty-fourth assignment of error is overruled.
 VIII {¶ 83} Joseph's twenty-fifth assignment of error:
 {¶ 84} "The court committed abuses of discretion by refusing to order the defendant, at plaintiff's request, to modify her 2001 tax return because she improperly declared the child tax exemption in direct violation of the final judgment and decree of divorce (8/6/01, Part B, Section 17)."
 {¶ 85} Here Joseph argues that the trial court abused its discretion in refusing to order Virginia to amend her 2001 income tax return because she inappropriately took the child dependency tax exemption. We agree.
 {¶ 86} Virginia apparently decided that, although Joseph was making the court ordered spousal and child support payments, since the CSEA showed a minuscule arrearage, she was entitled to take the tax exemption on her 2001 return. However, it appears that the arrearage was due to the nature of the CSEA's calendar based record-keeping methods. In other words, an arrearage may appear briefly, even though a payment is scheduled for the following day.
 {¶ 87} Virginia offered insufficient evidence of an arrearage to justify taking the tax exemption. Perhaps in the future, if Virginia believes that she is entitled to the exemption, but Joseph disagrees, she should file a motion with the trial court for consideration of that issue rather than take the matter into her own hands.
 {¶ 88} Furthermore, the trial court incorrectly stated that it no longer had jurisdiction over the return. To the contrary, the Ohio Supreme Court has held that a domestic relations court has the authority to award the child tax exemption to the non-custodial parent as part of the property division. Hughes v. Hughes (1988), 35 Ohio St.3d 165,518 N.E.2d 1213, syllabus. Surely, if the court has the authority to grant the exemption to one party, the court must have the ability to enforce that order.
 {¶ 89} In this case the tax exemption was awarded to Joseph because he is the one to truly benefit from it since he is gainfully employed. Virginia cannot be rewarded for ignoring that trial court order. Accordingly, Joseph's twenty-fifth assignment of error is sustained. This matter shall be remanded in order for the trial court to issue an order for Virginia to amend her 2001 tax return.
 IX {¶ 90} Joseph's twenty-sixth assignment of error:
 {¶ 91} "The trial court abused its judicial discretion by permitting ex parte communications between the court and defendant, and not halting the proceedings, which resulted in prejudicial conduct on the part of the court toward the plaintiff, and prevented Mr. Avery from receiving a fair and impartial hearing by the court."
 {¶ 92} Under this assignment of error, Joseph argues that the trial court abused its discretion in having ex parte communications with Virginia. There is absolutely no evidence in the record to support this claim. Joseph's twenty-sixth assignment of error is overruled.
 X {¶ 93} Joseph's seventeenth assignment of error:
 {¶ 94} "In an egregious abuse of discretion, bias, and inequity by the trial court, plaintiff's reasonable request to be credited for thousands of dollars in direct payments of spousal and child support made to the defendant by the plaintiff was not addressed by the trial court in its judgment entry."
 {¶ 95} Additionally, in her May 5, 2003 brief Virginia presents two assignments of error in furtherance of her cross-appeal, one of which is directly related to Joseph's seventeenth assignment of error. They shall be addressed here together.
 {¶ 96} Virginia appears to be arguing that the trial court failed to order the CSEA to establish an arrearage for pre-decree payments that Joseph made through the CSEA for day care, tutoring, and the mortgage. She insists that those payments should have been made directly to her and that by going through the CSEA, Joseph was improperly credited for payment of child support that he, in fact, never paid. On the other hand, Joseph argues that the trial court failed to properly credit him for direct payments made to Virginia and to the child care center.
 {¶ 97} Complaints regarding the payment or non-payment of pre-decree money should have been raised by both of the parties, if at all, during the divorce hearing and the first appeal. Because it was not, the issue has been waived. See, e.g., Forsyth v. Dearth (June 4, 1999), Clark App. No. 98-CA-96. Joseph's seventeenth assignment of error and Virginia's first cross-assignment of error are both overruled.
 XI {¶ 98} Virginia also claims that Joseph has not reimbursed her for his portion of out-of-pocket medical expenses incurred on William's behalf. Presumably, she wants this Court to order such payments to be made. However, we find no details in the record regarding either the alleged amounts due or to which medical providers the money is due, nor does Virginia direct us to that information. Because Virginia has failed to demonstrate error for which appellate relief may be granted, this cross-assignment of error is overruled.
 XII {¶ 99} We REVERSE and REMAND this matter to the trial court and order the court to recalculate the child support computation worksheets in accordance with our decision herein and for the trial court to issue an order for Virginia to file an amended 2001 income tax return.
FAIN, P.J. and YOUNG, J., concur.