DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, that found appellant Peggy D., Todd's mother, in contempt of court. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred to the prejudice of appellant in holding her in contempt where she demonstrated good faith efforts to comply with the prior order.
 {¶ 4} "II. The trial court erred to the prejudice of appellant in holding her in contempt where the prior order was vague thereby denying her due process.
 {¶ 5} "III. The trial court erred to the prejudice of appellant in holding her in contempt where the contempt was not demonstrated by clear and convincing evidence.
 {¶ 6} "IV. The trial court erred in treating the matter as a civil contempt rather than a criminal contempt.
 {¶ 7} "V. The trial court erred in assessing civil contempt sanctions where the issue of the appellant's compliance had become moot due to the child having been placed in the custody of the Department of Job and Family Services."
 {¶ 8} On April 30, 2001, 14-year-old Todd was adjudicated a delinquent child after he admitted to a violation of R.C.2913.02, theft. As part of the disposition, the trial court placed Todd under community control until further order of the court. On three subsequent occasions in November 2001, February 2002 and February 2003, Todd was found to be in violation of the conditions of his community control. On April 25, 2003, Todd's probation officer filed a complaint alleging that Todd was in violation of the conditions of his community control for stealing items from a local store. At a hearing held on the complaint on April 30, 2003, Todd admitted the allegations. The trial court adjudicated Todd in violation of his community control and proceeded directly to disposition. Todd was placed in the custody of his mother under conditions of community control until further order of the court. In addition to ordering basic probation supervision, the trial court ordered that appellant "* * * exercise appropriate and necessary control and authority over the child to ensure that the child complies with any terms of community control imposed upon the child, any treatment or testing that the child is required to take part in, and the terms of any other order of disposition that the Court imposed upon the child herein." [Emphasis in original.] The trial court further ordered that appellant "* * * make good faith efforts to insure that [her] child is complying with the school attendance laws
of the State of Ohio, and with the rules and regulations of the school the child attends." [Emphasis in original.] On September 11, 2003, however, Todd's probation officer filed another complaint, alleging that Todd had again violated the conditions of his community control by missing four and one-half days of school without a valid excuse. The trial court then issued a citation requiring appellant to appear in court and show cause why she should not be held in contempt for violating the court's order of May 1, 2003 with respect to Todd's school attendance and compliance with school rules. A trial was held on October 27, 2003, on the contempt citation. The trial court found that Todd had missed several days of school at the beginning of the 2003-2004 school year without a valid excuse; that his probation officer, Mr. Garrett, had warned appellant that Todd had missed school but that once Todd left home appellant made little if any effort to verify that he was actually going to school; that appellant did not contact the police or Garrett as Garrett had advised her to do if Todd refused to leave home and go to school; and that on one occasion Garrett stopped by the home after receiving notice that Todd was not at school and appellant, who was home, was surprised to learn that Todd was in his bedroom upstairs. In its judgment entry filed
 {¶ 9} October 31, 2003, the trial court found that appellant had violated the May 1, 2003 order by failing to make reasonable, good faith efforts to insure her son's compliance with the school attendance laws and with the rules and regulations of the school. It is from that judgment that appellant appeals.
 {¶ 10} In her first assignment of error, appellant asserts that she made a good faith effort to insure that Todd attended school and that the trial court erred by finding that she failed to comply with the court order.
 {¶ 11} Appellant testified at the contempt hearing that her efforts to insure that her son attended school included waking him up by shaking him and then going back to his room a few minutes later if he was still not up. Since she does not drive, she would sometimes ask a friend to drive her and Todd to school. She stated that she would drop him off in front of the school and said he sometimes would walk in one door and out another. Appellant testified that on one occasion she contacted Garrett when she was having trouble getting Todd to school. She further stated that she has talked to Todd about his school attendance and would take away privileges when she learned that he had not gone to school. Appellant testified that on days when Todd would refuse to go to school they usually would argue and then he would go out the door. She stated that on those occasions she assumed he was going to school. Appellant described two times when Todd screamed and punched holes in the walls after refusing to go to school but stated that she did not call anyone when that happened.
 {¶ 12} Paul Garrett testified that he has worked with the family and with school personnel to try to make sure that Todd gets to school on a regular basis. He stated that he would stop at the house and talk to appellant about the problem, that he picked Todd up and took him to school on several occasions, and that he talked to school personnel about ways to improve Todd's attendance. He testified that on three occasions he went to the house after learning that Todd was not at school and found that he was at home. Appellant had not called him to inform him of the problem on any of those days. On one of those occasions, appellant was home but did not know that Todd was there. He stated that he had told appellant prior to that to call the school or the police to have Todd escorted to school any time he refused to go.
 {¶ 13} At the conclusion of testimony, the trial court found that appellant was in violation of the court's order that she make a good faith effort to insure Todd's attendance at school and to insure that her son complied with the school's rules and regulations. The court imposed a ten-day jail sentence and a $100 fine and suspended both. The court also informed appellant that she could purge herself of the contempt finding by attending a parenting class designed to address problems with teenagers and by insuring Todd's future attendance at school.
 {¶ 14} A decision as to whether a parent has made a good faith effort to comply with orders such as those in this case is best left to the sound discretion of the trial court. The judge herein heard testimony from appellant and Todd's probation officer, who had a significant amount of contact with mother and son prior to the October 27, 2003
 {¶ 15} contempt hearing. According to Garrett, there were instances when appellant could have sought help in getting her son to school but did not. Appellant did not follow Garrett's instructions to call the school or law enforcement when Todd refused to go to school and she neglected to enroll him in high school prior to the start of the 2003-2004 school year. Based on the testimony provided at the hearing, we find that the trial court's finding that appellant had failed to comply with its order was not in error. Appellant's first assignment of error is not well-taken.
 {¶ 16} In her second assignment of error, appellant asserts that the trial court's order requiring her to make a "good faith effort" was vague and that the trial court should have defined what would constitute such an effort or the lack thereof. While appellant was not given a definition of "good faith effort," it was clear from the trial court's May 1, 2003 judgment entry that she was expected to do everything she could to make sure her son attended school. This was not the first time she heard these words, as she had been placed under the same order on three prior occasions after Todd was found to be in violation of his community control. It would be impossible for the trial court to list all of the things appellant might have to do to demonstrate a good faith effort since it could not anticipate Todd's behavior on any given day. The record reflects that appellant was advised of where to turn for help if necessary and shows that she did not always avail herself of those resources when she was having trouble dealing with Todd. Based on the foregoing, this court finds that appellant's second assignment of error is not well-taken.
 {¶ 17} In her third assignment of error, appellant asserts that the state did not demonstrate by clear and convincing evidence that she was guilty of contempt. Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. This is essentially the same argument as that presented under Assignment of Error No. I. Accordingly, for the reasons set forth in our analysis of appellant's first assignment of error, we find appellant's third assignment of error not well-taken.
 {¶ 18} In her fourth assignment of error, appellant asserts that the trial court erred in treating this matter as one of civil, rather than criminal, contempt and ordering her to attend a parenting class. Appellant appears to argue that the trial court should have treated the matter as one of criminal contempt, which would have required the court to find beyond a reasonable doubt that she willfully violated the court's May 1, 2003 order.
 {¶ 19} A court has the inherent and statutory authority to punish a party for failure to comply with a prior court order.Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302. (Other citations omitted.) See also R.C. 2705.02. Contempt can be classified as either civil or criminal in nature. Generally, the failure to do something ordered by the court is classified as civil contempt, see Beach v. Beach (1955), 99 Ohio App. 428,431, while sanctions that punish the offender for an offense to the court are generally viewed as criminal in nature.
 {¶ 20} Appellant has not shown, or argued, that she was prejudiced in any way by the trial court treating the matter as one of civil contempt. Generally, sanctions intended to coerce a party to act in compliance with a court order are associated with a finding of civil contempt. Based on the record herein, we find that a determination of civil contempt was appropriate under the circumstances of this case. Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 21} In her fifth assignment of error, appellant asserts that the trial court erred by imposing a civil contempt sanction because at the time of the hearing Todd had been placed in the temporary custody of the Department of Job Family Services ("department"), which rendered her compliance with the order moot. Appellant argues that it is not within her power to perform the act required since Todd is no longer in her custody and that the imposition of sanctions therefore should be reversed. We note, however, that Todd was not permanently removed from his mother's custody, but was placed in the temporary custody of the department. Accordingly, the department is required to work toward eventual reunification of mother and child. For that reason, ordering appellant to take a parenting class geared toward dealing with teenagers is clearly relevant to the problems that eventually led to the finding of contempt. The court's May 1, 2003 order requiring appellant to insure Todd's attendance at school will remain in effect until mother and son eventually are reunited and, accordingly, the sanction imposed by the trial court is not moot. Appellant's fifth assignment of error is not well-taken.
 {¶ 22} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 23, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., Concur.