[Cite as *State ex rel. Ames v. Rootstown*, 2020-Ohio-3855.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **O P I N I O N** |
| Relator-Appellant, | : | |
| - vs - | : | **CASE NOS. 2019-P-0114**<br>**2020-P-0001** |
| ROOTSTOWN TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | |
| Respondent-Appellee. | : | |

Civil Appeals from the Portage County Court of Common Pleas.
Case Nos. 2019 CV 00226 & 2019 CV 00180.

Judgment: Affirmed.


*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*James F. Mathews* and *Andrea K. Ziarko*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Respondent-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, Brian M. Ames ("Ames"), appeals from a decision rendered by the Portage County Court of Common Pleas dismissing his claims in two cases against appellee, the Rootstown Township Board of Trustees ("the Board"). The trial court's judgment is affirmed.

{¶2}    Ames filed two complaints against the Board (Case Nos. 2019-CV-180 and 2019-CV-226), alleging violations of R.C. 121.22, Ohio's Open Meetings Act

("OMA").[1]  The Board filed answers to both complaints on April 9, 2019, denying it had violated any provisions of the OMA.  The Board also asserted thirteen defenses in each of its answers, including defenses under Civ.R. 12(B) that (1) Ames failed to state a claim upon which relief can be granted; and (2) Ames failed to join a necessary party under Civ.R. 19 and 19.1.

{¶3}    In Case No. 2019-CV-180, a status conference was set for May 23, 2019, which resulted in a magistrate's order filed on May 24, 2019.  The order set a trial date for October 22, 2019, a final pretrial date for October 1, 2019, and a dispositive motion deadline for August 16, 2019.  Thereafter, on July 25, 2019, Ames filed a motion for a protective order and a preliminary hearing "to determine the Board's first and fifth defenses pursuant to Civ.R. 12(D)."

{¶4}    In Case No. 2019-CV-226, the record does not reflect a status conference, magistrate's order, trial or pretrial dates, or deadlines set prior to August 2, 2019.  Ames filed a motion for a preliminary hearing in the matter "to determine the Board's first and fifth defenses pursuant to Civ.R. 12(D)" on July 26, 2019.

{¶5}    On August 2, 2019, the trial court *sua sponte* found a conflict of interest with the assigned judge in each case and requested the Ohio Supreme Court to appoint an out-of-county visiting judge to handle both matters.  On August 26, 2019, the Ohio Supreme Court appointed Judge Thomas J. Pokorny in both cases.  On September 4, 2019, Judge Pokorny issued an order in both cases, which reads as follows:

> **BENCH TRIALS** IN THE ABOVE ENTITLED CASE HAS BEEN SCHEDULED ON <u>December 17, 2019</u> AT <u>10:00 am</u> BEFORE JUDGE THOMAS J. POKORNY, COURTROOM #4.

---

1.  The claims were not consolidated by the trial court, but they were consolidated for all purposes on appeal by this court on February 11, 2020.

2

{¶6} On December 4, 2019, Ames filed a motion for summary judgment and memorandum in support in Case No. 2019-CV-226, which was not ruled on by the trial court. On December 17, 2019, the two causes were heard by the trial court together. The parties appeared, and Ames indicated he was not prepared to go forward on either claim. His stated reasons for being unprepared are incorporated in the present appeal as assignments of error. As a result, the trial court dismissed both causes on the Board's oral motion and memorialized the dismissals in a judgment entry that same day.

{¶7} Ames filed a timely notice of appeal and raises three assignments of error for our review. Ames' first assignment of error states:

> THE TRIAL COURT ERRED BY HOLDING A BENCH TRIAL ON DECEMBER 17, 2019 THAT IT HAD NOT SET THEREBY PREJUDICING MR. AMES.

{¶8} Ames asserts the trial court never set a trial for December 17, 2019. He cites case law supporting the legal principle that "a court speaks exclusively through its judgment entries and not through any oral pronouncements." *Stone v. Cellura*, 11th Dist. Portage No. 2014-P-0043, 2015-Ohio-2453, ¶22 (citation omitted).

{¶9} While Ames' legal proposition is accurate, it is inapposite in the present matter because the record in both cases clearly reflects a written order issued on September 4, 2019, setting the matters for trial on December 17, 2019. Ames does not dispute having notice of these orders; to the contrary, he attended the trial at the time, date, and courtroom listed on each order. Therefore, Ames' argument that the trial court never ordered a trial for December 17, 2019, is inaccurate, and his first assignment of error lacks merit.

{¶10} Ames' second assignment of error states:

3

THE TRIAL COURT ERRED BY HOLDING A BENCH TRIAL ON DECEMBER 17, 2019 WITHOUT HOLDING THE PRELIMINARY HEARING REQUIRED BY CIV.R. 12(D) THEREBY PREJUDICING MR. AMES.

{¶11} Ames' second assignment of error asserts the trial court was required to hold a preliminary hearing on his motions "to determine the Board's first and fifth defenses pursuant to Civ.R. 12(D)." Ames argues the trial court's failure to hold a hearing on the motions prior to trial prejudiced him by "depriving him of necessary predicates to his planned course of action." He cites the following language contained in Civ.R. 12(D):

> **Preliminary Hearings.** The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party.

{¶12} The Board's argument in response is three-fold: (1) a hearing is not required under Civ.R. 12(D) on the defenses of failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) or failure to join a necessary party under Civ.R. 12(B)(7); (2) the trial court proceeding to trial without ruling on the motion for a preliminary hearing presumptively overruled the motion; and (3) Ames was not prejudiced by not being given a separate hearing before trial.

{¶13} Civ.R. 12(D) pertains to preliminary hearings and states that the applicable defenses "shall be heard and determined" on application by a party. This court has previously stated, however, that "[t]he term 'hearing' has been liberally construed and may be limited to a review of the record without oral argument." *In re Swain*, 68 Ohio App.3d 737, 741 (11th Dist.1991) (referring to Juv.R. 40), citing *Ohio Motor Vehicle Dealers Bd. v. Central Cadillac Co.*, 14 Ohio St.3d 64, 67 (1984).

4

Further, various other Ohio appellate courts have concluded that "Civ.R. 12(D) does not mandate that the trial court hold an oral hearing." *See McKinley Machinery, Inc. v. Acme Corrugated Box Co., Inc.*, 9th Dist. Lorain No. 98CA007160, 2000 WL 961300, *1, fn. 1 (July 12, 2000); *T.S. Expediting Services, Inc. v. Mexican Indus., Inc.*, 6th Dist. Wood No. WD-01-060, 2002-Ohio-2268,¶26, fn. ix; *Savage v. Godfrey*, 10th Dist. Franklin No. 01AP-388, 2001 WL 1143197, *6 (Sept. 28, 2001); *Jones v. Mahoning Cty. Clerk of Court*, 7th Dist. Mahoning No. 18 MA 0074, 2019-Ohio-1097, ¶16.

{¶14} Further, this court has previously held that, "'[g]enerally, when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion.'" *Karlen v. Carfangia*, 11th Dist. Trumbull No. 2000-T-0081, 2001 WL 589381 (June 2, 2001), *3, quoting *Dozer v. Dozer*, 88 Ohio App.3d 296, 303 (4th Dist.1993); *accord Rozzi v. Cafaro Co.*, 11th Dist. Trumbull No. 2001-T-0090, 2002-Ohio-4817, ¶14.

{¶15} Where the trial court does err in a civil matter, it may be deemed "harmless error," as defined in Civ.R. 61 as follows:

> [N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial * * * or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶16} In the matter sub judice, the trial court should have ruled on Ames' motion under Civ.R. 12(D) to determine whether two of the Board's thirteen asserted defenses under Civ.R.12(B)(6) and 12(B)(7) had merit, but it was not required to conduct an oral hearing. At most, the failure to expressly rule on the Civ.R. 12(D) motion prior to trial constitutes harmless error. By setting a trial date and proceeding to trial, the trial court

5

is presumed to have denied Ames' motion for a preliminary hearing. Further, the trial court's failure to rule on the motion did not affect the outcome of the case because the trial court did not dismiss Ames' claims on the basis of either Civ.R.12(B)(6) or 12(B)(7). As such, this argument advanced by Ames is without merit.

{¶17} Ames' second assignment of error lacks merit.

{¶18} Ames' third assignment of error states:

THE TRIAL COURT ERRED BY HOLDING A BENCH TRIAL ON DECEMBER 17, 2019 WITHOUT FIRST DETERMINING IF THERE WAS ANY MATERIAL FACTS [sic] IN DISPUTE.

{¶19} Ames' third assignment of error pertains to his motion for summary judgment filed on December 4, 2019, which the trial court did not rule on before trial on December 17, 2019. He argues that proceeding to trial without ruling on the motion is reversible error. The Board responds that the trial court was not required to rule on the motion, which was filed without leave of court thirteen days before the trial date and two months after the trial date was set.

{¶20} Civ.R. 56 governs the filing of summary judgment motions, and subdivision (A) specifically limits a party from filing a motion for summary judgment once a matter is set for trial, stating: "If the action has been set for pretrial or trial, a motion for summary judgment may be made *only with leave of court*." (Emphasis added.)

{¶21} Because Ames did not obtain leave to file his motion for summary judgment, the trial court was not required to consider the motion. Ames was given an opportunity to present the evidence and arguments contained in his motion for summary judgment at the duly ordered trial set by court order on September 4, 2019, yet he arrived unprepared to do so.

6

{¶22} Ames' third assignment of error lacks merit.

{¶23} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.